## WELLINGTON v. STATE.

I. CRIMINAL PROCEDURE: *Appeals: Taxing attorney's fee.*

Sec. 2649 Mansf. Dig., providing that upon the affirmance of a judgment on the appeal of a defendant in a misdemeanor case, an attorney's fee of $20, to be paid to the Prosecuting Attorney, shall be taxed as part of the costs of the appeal, has not been repealed; and the taxation of such fee is proper.

2. SAME: *Same: Awarding damages.*

Sec. 2471 Mansf. Dig., imposing 10 per cent. damages on the affirmance of judgments appealed from in cases of misdemeanor, is not unconstitutional.

3. SAME: *Tax on conviction.*

The tax on each criminal conviction in courts of record, levied by sec. 5595 Mansf. Dig., is a valid exaction.

4. SAME: *Cost of printing brief: Rule 23.*

   On the affirmance of a judgment of conviction in a misdemeanor case, the cost of the appellee's brief is properly taxed against the appellant, under rule 23 of the Supreme Court.

APPEAL from *Washington* Circuit Court.

J. M. PITTMAN, Judge.

*E. P. Watson*, for petitioner.

Motion to retax costs, quash execution, etc. For original opinion in case, see *ante, p. 266.*

On the affirmance of the judgment rendered against the appellant in the court below, a judgment was entered here against him, and the sureties on his *supersedeas* bond for 10 per cent. damages. The Clerk also taxed as part of the costs in this court an attorney's fee of $20, to be paid to the Prosecuting Attorney, and $5.57 for printing the appellee's brief. A part of the costs taxed in the Circuit Court, and now complained of, is a conviction fee of $3. The Clerk having issued an execution for the amount of the judgment, including the damages and costs, the appellant filed a motion to recall and quash the execution and retax the costs. He also moved to modify the judgment so as to omit the recovery for damages.

Sections 2469, 2471 Mansf. Dig. are as follows:

"Sec. 2469. Upon the affirmance of a judgment on the appeal of the defendant, an attorney's fee of twenty dollars, to be paid to the Prosecuting Attorney, shall be taxed as part of the costs of the appeal, and upon the reversal of a judgment upon an appeal by the plaintiff, a fee of five dollars."

"Sec. 2471. Where the execution of a judgment for a fine is suspended, as herein provided, upon an affirmance of the judgment, damages at the rate of 10 per cent. shall be awarded against the defendant, one-fourth of which shall be for the use of the Prosecuting Attorney."

Sec. 1307, *ib.*, provides "that the Supreme Court may make rules for the convenient dispatch of business, * * * the argument of cases or motions," etc.

Wellington v. State.

Rule 23 of the Supreme Court requires that all briefs, except in certain cases, shall be printed, and provides that "the cost of printing, not to exceed fifteen dollars, a side, shall be taxed against the losing party as costs of this court."

By section 5595 Mansf Dig. a tax of three dollars is required, to be collected on each criminal conviction in courts of record.

PER CURIAM. The fee of twenty dollars taxed against the appellant is authorized by section 2469 Mansf. Dig. This section was part of the original code, approved July 22d, 1868. The same Legislature passed an act regulating fees for Prosecuting Attorneys, among other officers, which was approved July 23, 1868.

Since that time the act regulating fees has been amended, but as to the items of fees of Prosecuting Attorneys, the act of 1868 and the amendatory act of 1875 are identical, except as to the amount allowed for convictions in cases of homicide not capital. There is no repeal, express or implied, and the fee was properly taxed as part of the costs. *Chamberlain v. State, 50 Ark., 132.*

The right of the Legislature to impose 10 per cent. damages upon affirmance has long been conceded and affirmed by this court. The provision imposing it (section 2471) is not unconstitutional.

The tax of three dollars complained of is imposed by section 5595 Mansf. Dig., and has heretofore been held a valid exaction.

The amount of $5.75 for printing the appellee's brief is taxed under rule 23 of this court, which is based upon section 1307 of Mansf. Dig.

These charges are not part of the punishment of the accused. Costs are awarded in order that the State may prosecute the guilty at their own expense. *Fanning v. State, 47 Ark., 442.*

Motion overruled.