WISCONSIN & ARKANSAS LUMBER COMPANY *v.* REAVES.

Opinion delivered February 11, 1907.

| 82 | 377 |
| 83 | 291 |
| 83 | 448 |

| 82 | 377 |
| 86 | 125 |
| f87 | 136 |
| f87 | 575 |

1. MASTER AND SERVANT—PENALTY FOR NONPAYMENT OF WAGES.—Under Acts 1905, c. 210, providing that "any such servants or employees who shall hereafter be discharged or refused further payment may request or demand the payment of any wages due, and if not paid within seven days from such discharge or refusal to longer employ then the penalties hereinbefore provided for railway employees shall attach," *held,* that where a discharged employee neither called for his pay after expiration of the seven days, nor notified the employer where to send his pay check, he was not entitled to recover the statutory penalty. (Page 379.)

2. SAME—NECESSITY OF DEMAND FOR WAGES.—Where a discharged employee was entitled to receive pay for work in April and May, and demanded pay only for April, he can not recover the statutory penalty for his May wages. (Page 380.)

Appeal from Hot Spring Circuit Court; *Alexander M. Duffie,* Judge; modified and affirmed.

*N. P. Richmond* and *H. Berger,* for appellant.

1. The verdict is not sustained by the evidence. It was appellee's own fault that his May check was not paid, and under Kirby's Digest, § 6650, he cannot recover.

2. It was error to submit to the jury the question as to the reasonableness of the company's rules in paying off the Woods crew on the afternoon of pay day. This was a matter of law. 73 Ark. 298; 84 Fed. 944. See also 1 Thompson on Trials, § 1057; 52 Ark. 406; *id.* 134; 58 *id.* 324.

*H. B. Means,* for appellee.

1. Only one demand was necessary for the wages due. Acts 1905, p. 528. He was discharged, no longer an employee, and not subject to the rules of the company.

2. There is no error in the instructions.

3. If it was error to submit the question as to the reasonableness of the rules to the jury, it was error in favor of the appellant, as the act points out how a discharged employee shall be paid.

RIDDICK, J. This is an action by a laborer against a corporation to recover a balance due him for wages and the penalty

imposed by statute upon a corporation for failing to pay the wages of a discharged employee within seven days from his discharge. On the first hearing of this case a majority of the court were of the opinion that the plaintiff made out a case against the company for at least a part of the amount claimed, but a further consideration of the case has convinced us that under the facts proved no recovery of a penalty can be allowed.

The facts in the case are as follows: W. O. Reaves, a laborer employed by the Wisconsin & Arkansas Lumber Company at wages of $1.75 per day to work in the woods, was discharged on the 9th of May, 1905. He demanded his pay, and thereupon the foreman of the woods gang gave him two identification checks, one for the labor he performed in the month of April which was due and payable on the 13th of May, that being the monthly pay day of the company; the other was for the work he had performed in May up to the date of his discharge.

Some time before noon of the 13th of May Reaves went to the office of the company and presented the checks at the window of the paymaster, but he was told by the paymaster that he would have to wait until the afternoon when the woods crew would be paid. Reaves replied that he had come from the country in a wagon and could not wait, that he had been discharged and wanted his money, but payment was refused, and Reaves left. On the 5th day of June he went to the office again and presented the identification check for his April wages and was paid. He did not present the check for his May wages, and the paymaster did not recall at that time that he had been discharged, and that there were wages due him for work in May.

Afterwards Reaves brought this action against the company to recover the wages due him for work in May and for a penalty of $1.75 per day on account of the failure of the company to pay the wages within the seven days after his discharge as required by statute.

The statute declares that where a servant or employee of a corporation is discharged the unpaid wages of such servant or employee shall become due on the day of his discharge. Acts of 1905, c. 210, p. 538. The act further provides as follows:

"Any such servant or employee who shall hereafter be discharged or refused further employment may request or demand the payment of any wages due, and if not paid within seven days from such discharge or refusal to longer employ then the penalties hereinbefore provided for railway employees shall attach.'"

Now, as the wages of a laborer become due under the act as soon as he is discharged, it seems to us that under this statute he has the right to demand his wages at once after he is discharged. He may even bring suit to recover them if not paid on demand after his discharge. But, in order to protect the employees of corporations, many of whom are day laborers and dependent on their daily wages for support and maintenance, and who are not in a position to enter into expensive litigation, the law seeks to compel payment without suit by making it to the interest of the corporation to promptly pay the unpaid wages of the discharged employee. For this purpose it provides that, if after demand such wages are not paid within seven days from the date of discharge, the wages of the employee shall continue from the date of the discharge until paid.

Under the statute the unpaid wages of Reaves became due on the day of his discharge. He demanded pay, and was given identification checks to be presented to the paymaster of the company. He presented these checks to the paymaster and demanded payment, but the paymaster told him that he would pay him that afternoon. The reason the paymaster desired to wait until the afternoon before making the payment was that he desired to see the foreman of the woods crew to ascertain if there were any charges against Reaves on the books. But Reaves had been discharged about four days previous to the time he made application for his payment. So soon as he was discharged his accounts should have been balanced, and when he demanded his pay he should have been paid. We said in the former opinion that Reaves, after making this demand, had done all the statute required of him, and that he was not compelled to wait several hours to suit the convenience of the paymaster when it was inconvenient for him to do so.

But, while Reaves was under no obligations to wait, yet the seven days allowed the company by the statute before the

penalty for non-payment attached had not then expired; and a further consideration of the matter has convinced us that, as Reaves could not wait, he should either have notified the paymaster to send his pay to some convenient postoffice or express office, or should have called for his pay at another time. As he went away without giving any directions to the paymaster to send the amount of his wages to another point, the company was justified in supposing that he would call or send to its office for the amount due. As he neither directed the company to send his wages to his new place of residence nor called for it again at the expiration of the seven days, we do not think any penalty attached, for the evidence shows that the company has at all times since the expiration of the seven days been ready and willing to pay the wages of plaintiff, and has held the same subject to his order.

On the 5th day of June, 27 days after he had been discharged, Reaves went again to the office of the paymaster and presented the check for his April wages and was paid. He did not take with him or present the check for his May wages, and it did not occur to the cashier that the company owed him wages for May. It is clear from the evidence that if Reaves had presented his check for May it would have been paid also. His demand for the payment of his wages, accompanied by a presentation of the check for April only, was equivalent to saying that this was all he wanted at that time. This misled the cashier into believing that the amount of the check presented was all that was due. The statute was as before stated to protect laborers, and was not intended to be used to entrap the employer for the recovery of a penalty. As the actions of Reaves on this occasion plainly show that he did not desire that the company should pay his May wages, as he misled the company by demanding his April wages only, we think he is in the same position as if he had in fact requested it not to pay the wages for May. But for this conduct of Reaves he would have been paid in full on the 5th day of June, and he has no right to claim a penalty after that date. He held back the May check in order to found an action for a penalty upon the failure of the company to pay. But, as before stated, he has no right to demand of the company a penalty for an act brought about by his own conduct.

The essential facts in this case are not disputed, and we see no occasion to go into a discussion of the instructions given by the court. After a careful consideration of the evidence, we are, as before stated, of the opinion that the plaintiff did not make out a case for the recovery of a penalty. The judgment will therefore be reversed, and the cause remanded for a new trial.