St. Louis, Iron Mountain & Southern Railway Company
v. Bailey.

Opinion delivered July 6, 1908.

Master and Servant—Penalty for Nonpayment of Wages.—Under Acts 1905, c. 210, providing that when any railroad company shall discharge or refuse to further employ any servant or employee, the unpaid wages of such servant or employee shall become payable on the day of such discharge, "and any such servant or employee may request of his foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to any station where a regular agent is kept, and if the money aforesaid, or a valid check therefor, does not reach such station within seven days from the date it is so requested, then as a penalty for such nonpayment the wages of such servant or employee shall continue from the date of the discharge or refusal to further employ at the same rate until paid," held, that a discharged servant or employee is not entitled to recover the penalty where he fails either to request that his money or check be sent to any particular station or to apply at such station after seven days from his discharge.

Appeal from Jackson Circuit Court; *Frederick D. Fulkerson,* Judge; affirmed with remittitur.

*T. M. Mehaffy* and *J. E. Williams,* for appellant.

1. The court erred in instructing the jury, amongst other things, that "when they did either of these it was their duty to pay him within seven days by money or check, which might be sent at his request to the agent at some station." Thereby the jury were led to believe that the penalty attached if appellee was not paid within seven days from the date of discharge, whereas, in order to be entitled to recover penalty, he must have been discharged, must have requested his check or money to be sent to the agent at a certain station, and must have called at that place for his money and failed to receive it. He had the right to demand his pay on the date of his discharge, and, on refusal, to bring suit at once, but, not having done so, he waived that right. Penalty did not attach until after seven days. 82 Ark. 377.

2. The verdict was insufficient, and no judgment should have been entered thereon. Kirby's Dig., § § 1239, 6206, 6209; 28 Am. & Eng. Enc. of L. 1 Ed. 303; 5 Ark. 373; 29 Ark. 597.

*Stuckey & Stuckey,* for appellee.

1. The court properly instructed the jury. Wages are due immediately upon discharge. . Acts 1905, p. 538; 82 Ark. 377.

2. The findings of the jury were sufficient to authorize the court in assessing the penalty. 52 Ark. 517; 64 Ark. 93.

BATTLE, J. Robert Bailey alleged that he was in the employment of the St. Louis, Iron Mountain & Southern Railway Company, earning at the rate of one dollar and forty cents a day; that there was due him $28 for labor performed; that he was discharged by the railway company on the 23d day of November, 1906; that, he having requested it, at that time, to send the amount due him to its agent at Newport, it failed to do so, and he is entitled to his wages until the same be paid. The railway company denied these allegations.

Bailey was in the employment of the railway company, but the evidence is conflicting as to his having been discharged or his having requested that his wages be sent to him at any particular station, or whether he applied for his wages at any particular place after the expiration of seven days after his discharge; one

witness having testified that he issued to him a check for his wages when he quit work which called for his pay if presented at the pay car.

The court instructed the jury as follows:

"Gentlemen of the jury, in this case the suit is for wages which the plaintiff complains the defendant owes. him for work and for penalty for not paying him when it should have been done, within seven days, up until the time suit was brought. I instruct you, to start out with, that the verdict in this case should be for the plaintiff in some amount, and that amount is the actual time he worked at the sum agreed to be paid him less the board which was the amount agreed upon should be for board. The next question is, after you find that amount, you want to further find and answer these questions that will determine the question as to whether or not there will be a penalty. The first question is: How many days did plaintiff work? You must determine that in order to fix the amount due him for his actual work. What was the amount due plaintiff for such work? What was the actual amount due plaintiff for labor performed after all such credits were given? Did plaintiff voluntarily quit the service of the defendant? If he voluntarily quit, the penalty does not apply. It only applies when he was either refused work or when they discharged him. When they did either of these, then it was their duty to pay him within seven days by money or check, which might be sent at his request to the agent at some station. The next question is, did plaintiff present to the agent at Newport a request for his pay within seven days after quitting the service or at any other time? If so, when? Now you can answer each one of those questions, and it will be the form of the verdict."

The defendant objected to the giving of the following portions of the court's charge as above set out, and saved its exceptions to the giving of same, to-wit:

"When they did either of these, then it was their duty to pay him within seven days by money or check which might be sent at his request to the agent at some station."

"The next question is, did plaintiff present to the agent at Newport a request for his pay within seven days after quitting the service, or at any other time; if so, when?"

The court propounded to the jury the following interrogatories to be answered in the verdict, to-wit:

"1st. How many days did plaintiff work?

"2d. What was the actual amount due plaintiff for such work?

"3d. What amount was actually due plaintiff for labor performed after all just credits were given?

"4th. Did plaintiff voluntarily quit the service of defendant?

"5th. Did plaintiff present to the agent at Newport request for his pay within seven days after quitting the service or at any other time, and, if at any other time, when?"

The jury returned the following verdict:

"1st. We, the jury, find that plaintiff worked 20 days.

"2d. Amount due plaintiff $28.

"4th. That plaintiff was discharged.

"5th. The plaintiff applied within seven days after being discharged at proper place for his money."

Upon the reading of the verdict, before it was accepted and before the jury was discharged from the case, defendant objected to the verdict, and to the form thereof, upon the grounds that it was not responsive to the questions propounded to the jury, and not responsive to each of said questions, and because the verdict did not respond in any manner to the third interrogatory; but the court overruled the objections, and discharged the jury, to which defendant saved its exceptions. The court rendered a judgment for plaintiff for $28 debt and $92.50 penalty; and the defendant appealed.

The statute provides that when any railroad corporation shall discharge or refuse to further employ any servant or employee thereof, "the unpaid wages of any such servant or employee then earned at the contract rate, without abatement or deduction, shall be and become due and payable on day of such discharge or refusal to longer employ; and any such servant or employee may request of his foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to any station where a regular agent is kept, and if the money aforesaid, or a valid check therefor, does not reach such station within seven days from the date it is so requested, then as a

penalty for such non-payment the wages of such servant or employee shall continue from the date of the discharge or refusal to further employ at the same rate until paid." Acts of 1905, page 538. Under this act the wages of the discharged servant becomes due when he is discharged, and no penalty accrues unless he requests his foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to a specified station where a regular agent is kept, and the money or check does not reach such station within seven days from the date it is requested. *Wisconsin & Arkansas Lbr. Co.* v. *Reaves,* 82 Ark. 377.

The court in this case did not submit to the jury the question as to whether plaintiff requested his money or check sent to any particular station. The law allows seven days after the request for the railway company to have the money or check at the specified station. The jury found that he applied *within* seven days after being discharged. The court erred in rendering judgment for the penalty.

If the appellee will remit within two weeks from this date so much of the judgment as was rendered for the penalty, the remainder will stand affirmed; otherwise the entire judgment will be reversed, and the cause will be remanded for a new trial.