St. Louis, Iron Mountain & Southern Railway Company

*v.* McClerkin.

Opinion delivered November 30, 1908.

1.  Penalties—construction of statute.—No recovery can be had under a statute imposing a penalty unless plaintiff shows that he has strictly complied with the terms of the statute; nothing being taken by way of intendment.  (Page 281.)

2. MASTER AND SERVANT—PENALTY FOR NONPAYMENT OF WAGES.—Under
Acts 1905, p. 538, imposing a penalty for nonpayment of an employee's
wages in certain cases, it is necessary that the employee should make
"request of his foreman or the keeper of his time to have the money
due him, or a valid check therefor, sent to any station where a regular
agent is kept" before the right to the penalty accrues. (Page 281.)

Appeal from Drew Circuit Court; *Henry W. Wells,* Judge;
reversed.

### STATEMENT BY THE COURT.

Appellee sued appellant in a justice's court, alleging that
appellant was a corporation; that he was employed by it on May
28, 1907, and was to be paid $108 per month, and that he con-
tinued in its employ until June 11, following, a period of fifteen
days, when he was discharged and refused further employment
by the appellant. That there was due him at the time of his dis-
charge $54, and that he asked that the money or a valid check be
be sent to him at Monticello, Arkansas, a station of the defend-
ant at which an agent was kept. That check was not sent as
requested, and that the said sum has never been paid him, and
is still due and unpaid. That, by the failure to send the money
or a valid check within seven days after his discharge, the wages
of the plaintiff continued for sixty days at the contract rate, or
$216; that nothing has been paid thereon, and the same is due
and owing. And plaintiff prayed judgment for $270, with in-
terest from the time same became due.

Appellee adduced evidence to show that he was employed
by appellant to serve in the capacity of station agent at Monti-
cello, Ark.; that he worked for appellant fifteen days, and was
to receive for his wages the sum of $52.50; that after he was
discharged he made written demand on appellant's superintend-
ent for his wages, wrote him three times; that he asked the
station agent at Monticello to send in his time. Appellee intro-
duced the following letter:

"Memphis, Tenn., Sept. 23, 1907.
"Mr. J. G. Lorton, Supt.,
"Monroe, La.
"Dear Sir:
"Enclosed please find voucher No. 5457 for $19.80 in favor
of myself for services rendered at Monticello, Arkansas, in the

absence of O. J. Lindsay, agent, account of sickness. I cannot accept this amount for my service, as I was running the station while the agent was sick. Your division agent, Mr. Wright, stated that he would see that I was paid well for my service, and I don't think this amount is right, therefore I demand more. I think that I am entitled to more, and this amount of $19.80 is only clerk's salary, and I am entitled to more than clerk's salary. Below is the amount that I claim for my service. Hoping you will give this your immediate attention, I would like to receive settlement as soon as possible.

"Yours truly,

"R. C. McClerkin, Jr.,

"585 Linden Ave., Memphis, Tenn.

"St. L., I. M. & S. Ry. Co.   Dr.

"To R. C. McClerkin, Jr.

"For services rendered at Monticello, Ark., from May 28th to June 11, 1907, total of fifteen days, as relief agent, account illness of regular agent, O. J. Lindsay, fifteen days at $3.50— $52.50."

Appellee showed that he was employed by one Wright, who was appellant's division agent, and who had authority to employ appellee. Appellee testified that the only demand he made was on Lorton, the superintendent of appellant; that his letters were ignored, and that he had never been paid; that about three months after his discharge, and nearly three months after he made the first demand for payment of the wages due him, he received a voucher for $19.80, which he returned; that this voucher was mailed to the station agent at Monticello, and sent to appellee from there by his brother.

The court gave, at the request of appellee, the following instruction:

"Acts of Arkansas, 1905, page 538.

"Section 1. That section 6649 of Kirby's Digest shall be amended so as to read as follows:

"Section 6649. Whenever any railroad company, or corporation, or any receiver operating any railroad engaged in the business of operating or constructing any railroad or railroad bridge, shall discharge with or without cause, or refuse to further employ, any servant or employee thereof, the unpaid wages

of any such servant or employee then earned at the contract rate, without abatement or deduction, shall be and become payable on the day of such discharge or refusal to longer employ; any such servant or employee may request of his foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to any station where a regular agent is kept; and if the money aforesaid, or a valid check therefor, does not reach such station within seven days from the date it is so requested, then, as a penalty for such non-payment, the wages of such servant or employee shall continue from the date of the discharge or refusal to further employ at the same rate until paid. Provided, such wages shall not continue for more than sixty days, unless an action therefor shall be commenced within that time. Provided, further, that this act shall apply to all companies and corporations doing business in this State, and to all servants and employees thereof, and any such servants or employees who shall hereafter be discharged or refused further employment, may request or demand the payment of any wages due, and if not paid within seven days from such discharge or refusal to longer employ, then the penalties hereinbefore provided for railway employees shall attach."

Appellant asked the court to direct a verdict in its favor, which the court refused to do.

The verdict was in favor of the plaintiff in the sum of fifty four dollars salary, and for a penalty of one hundred and sixteen dollars.

Motion for new trial was overruled which reserved as assignments of error the rulings of the court in refusing and giving the prayers for instructions, and the further assignments that the verdict was excessive, and contrary to the evidence.

Judgment was entered in accordance with the verdict, and this appeal was taken.

*T. M. Mehaffy* and *J. E. Williams,* for appellant.

The court erred in refusing to instruct the jury that plaintiff could not recover because there was no testimony to support the verdict. The cause of action was an unliquidated demand, upon which penalty could not accrue. 82 Ark. 377; 83 *Id.* 447.

*P. Henry,* for appellee.

The cases cited are not in point. In this case *three* demands were made, and they were ignored for three months. The jury were properly instructed, and the evidence amply supports the verdict.

WOOD, J. (after stating the facts). Before appellee can recover the penalty claimed by him under the statute quoted above, he must show that he has strictly complied with its terms, for the statute is highly penal.

The appellee does not show that he made a request "of his foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to any station where a regular agent is kept."

It appears that he (appellee) was employed by one Wright, who was the division agent having supervision of agents. He was, therefore, the "foreman" of appellee or "the keeper of his time," in the meaning of the statute. At least it must be so held, in the absence of any evidence that it was the duty of some one else to keep appellee's time. The evidence does not show that appellee made any request of Wright. Appellee made a demand of Lindsay, the station agent at Monticello, to send in his time, but it is not shown that this was the duty of Lindsay. If it were conceded that demand made upon Lorton, the superintendent, would be sufficient, still it is not shown that any such demand as the statute requires was made of him. He was not notified to send the money to any particular station "where a regular agent is kept."

The fact that a voucher was received at Monticello, a regular station, some three months after appellee's employment ceased, does not show that the superintendent was notified to send the money to Monticello. Appellee says he wrote three letters, but he sets out only one as the evidence of his demand. This was written from Memphis, three months after appellee's employment ceased, and mentions no station where the money is to be sent. Nothing can be taken by intendment to show compliance with statutes of this kind.

The case is ruled by the recent decision of this court in *St. Louis, I. M. & S. Ry. Co.* v. *Bailey,* 87 Ark. 132.

The appellee's evidence fails to establish his right to a penalty, but it does establish his claim for wages due. The judg-

ment will therefore be reversed and modified by remitting the penalty, and judgment will be entered here for the sum of $52.50 with interest from June 11, 1907.