No error was committed in sustaining the demurrer, so the judgment is affirmed.

---

St. Louis, Iron Mountain & Southern Railway Company v. Pritchard.

Opinion delivered December 19, 1910.

Constitutional laws—Tax on money judgment—Equal protection.— The act of May 13, 1909, providing that in the counties of Marion, Boone and Baxter there shall be levied a county tax "of three per centum on the full amount of each and every judgment rendered by a jury in courts of record," can not be upheld as providing for costs of litigation, or a fee to the public, and is invalid as depriving the defendant in a money judgment of the equal protection of the laws.

Appeal from Marion Circuit Court; *Brice B. Hudgins,* Judge; reversed.

*W. E. Hemingway, E. B. Kinsworthy, Horton & South* and *James H. Stevenson,* for appellant.

Appellee, *pro se.*

McCulloch, C. J.   This is an appeal from an order of the circuit court of Marion County taxing as cost of suit three per centum of the amount of a judgment rendered against appellant by the court on a verdict of a jury. Authority to tax said amount as cost is asserted under an act of the General Assembly approved May 13, 1909, applicable only to Marion, Boone and Baxter counties. The statute reads as follows:

"In addition to the revenue arising from ferry, dramshops and drinking saloon license, which is appropriated for county purposes, there shall be levied and collected, a county tax on the following articles in Marion, Boone and Baxter counties:

"A tax of three dollars on each criminal conviction in courts of record.

"A tax of three dollars on each civil suit in courts of record when a verdict is rendered by the court.

"A tax of three per centum on the full amount of each and every judgment rendered by a jury in courts of record.

"A tax of fifty cents upon each writ of summons and writ of execution issued out of any of the courts of record in this State, and

"A tax of fifty cents upon the certificate of record of each instrument of writing recorded in any recorder's office of this State. Provided, mortgages shall not be taxed more than fifteen cents.

"And a tax of fifty cents on each marriage license issued. Courts of justice of the peace are not courts of record within the meaning of this section."

It will be seen by comparison that this statute is almost an exact copy of section 6883, Kirby's Digest, which forms a part of the general revenue and taxation laws, except that it includes the provision in controversy prescribing "a tax of three per centum on the full amount of each and every judgment rendered by a jury in courts of record." This statute does not specifically designate who shall pay the tax, but it is sought to be upheld on the ground that the Legislature intended to impose the burden on the losing party as the cost of litigation. Conceding that the burden rests on the defendant in a judgment, can it be treated as a valid imposition of costs? Is it costs of litigation, or is it a penalty imposed on the defendant alone in a suit to recover money?

This court in *Lee County* v. *Abrahams,* 34 Ark. 166, held that a tax of fifty cents upon each original writ and execution issued out of any court of record "is strictly a fee to the public, and not a tax." The court quoted with approval the following statement by Judge Cooley: That taxes on legal processes "are usually imposed with a view to adjusting, on an equitable basis, as between suitors and the public, the expenses of the administration of justice. They may be imposed as stamp fees on process, fees for permission to enter suit," etc.

In *Murphy* v. *State,* 38 Ark. 514, the court held that the tax of $3 on each criminal conviction is a fee for the public, imposed as a part of the cost of prosecution.

It can scarcely be doubted that a "tax of three dollars on each civil suit in courts of record when a verdict is rendered by

the jury" is likewise sustainable as a fee to the public, and imposed on the losing party as a part of the cost. But the provision added to this special statute has a different effect. It cannot be construed to impose the tax as a part of the cost of litigation, for it is not laid uniformly, like other impositions of cost. In the first place, it applies only to judgments for the recovery of money. It is imposed only on a losing defendant in a suit to recover money, and imposes no reciprocal burden on the plaintiff of paying if he loses. In the next place, the per centum rate of taxation is arbitrarily imposed on all money judgments, regardless of the amount—the amount of the judgment being the sole measure, without regard to any other standard. For instance, a money judgment for $10,000 is taxed $300, whilst a judgment for $100 is taxed only $3. A judgment for the recovery of other property, or a judgment against plaintiff, in any kind of an action, escapes taxation entirely.

This is not an imposition of cost as a fee to the public, but it is a taxation on a judgment debtor. At least, that is its necessary effect. Now, the question is, can it be sustained as a penalty? We think not. If it is a penalty on the right to litigate a disputed claim, then it cannot be sustained. The Legislature may, in the exercise of police power, impose penalties for non-compliance with statutory duties. *Little Rock & F. S. Rd. Co.* v. *Payne,* 33 Ark. 816; *Dow* v. *Beidelman,* 49 Ark. 455; *Leep* v. *Railway Co.,* 58 Ark. 407; *Kansas City So. Ry. Co.* v. *Marx,* 72 Ark. 357; *Arkansas Insurance Co.* v. *McManus,* 86 Ark. 115; *St. Louis, I. M. & S. Ry. Co.* v. *Wynne,* 90 Ark. 538; *Seaboard Air Line* v. *Seegars,* 207 U. S. 73. It may impose a penalty on frivolous appeals prosecuted for vexation and delay. *Wellington* v. *State,* 52 Ark. 447. It may also, as we have already stated, impose on the losing litigant a reasonable sum as a contribution to the expense of the litigation. But it cannot arbitrarily impose a penalty on the right to litigate disputed claims not based on violation of statutory duty. To do so is to deny to one party to the litigation (the defendant) the protection of the laws equally with his adversary, and to impose on one party a burden which can in no event fall on the other. If a statute imposing three per centum is valid, then one imposing ten, twenty or even fifty per cent. of the judgment can also be

imposed.    It would be difficult to limit, if the power existed at all.

We leave out of consideration the question whether this is an attempt to put in force a special law where a general law can be made applicable.    Generally, that is a question for the determination of the Legislature; but there may be limitations on the power of the Legislature in that respect which we do not deem it necessary now to enquire into.    Suffice it to say that, for the reasons indicated, we conclude that the portion of the statute now under consideration is void, and the judgment of the circuit court taxing costs thereunder is reversed with directions to strike this item out of the bill of costs.

FRAUENTHAL, J., dissents.