ARK.]    LARGENT v. ARK. NORTHWESTERN R. R. CO.    355

## LARGENT v. ARKANSAS NORTHWESTERN RAILROAD COMPANY.

### Opinion delivered October 9, 1916.

RAILROADS—FAILURE TO PAY WAGES—PENALTY.—Defendant railway company gave to appellant, an employee, a check in payment of wages due, with a notation thereon that it was in full for all amounts due. Appellant cashed the check, but sued for a balance due and penalty under the statute. The jury found a verdict for a small sum due appellant, but refused to assess a penalty against defendant company. *Held*, under the facts that appellant had failed to show a demand by appellant and a refusal by the defendant company to pay, and that no penalty could be recovered.

Appeal from Benton Circuit Court; *Jos. S. Maples*, Judge; affirmed.

*Lindsey & Lindsey*, for appellant.

1. The jury found by their verdict that appellant was entitled to recover for a part of his wages, hence he was entitled to the penalty, as the company discharged him without payment in full. He made demand and the demand was refused. Kirby's Digest, § 6649; 74 Ark. 290; Acts 1905, pp. 537-8; 66 Ark. 409.

2. The check was not received as payment in full. 74 Ark. 286. Appellant began his suit within the time prescribed by the Act and is entitled to the penalty. 64 Ark. 83; Act Mch. 25, 1889.

*Rice & Dickson*, for appellee.

The jury found against the appellant as to the penalty. 82 Ark. 377; 96 *Id.* 634-7. He received the check in full payment, without objection or comment. 96 Ark. 637. It is only for the non-payment of earned wages that the statute authorizes a penalty. His claim is without merit and the jury properly found against him.

McCULLOCH, C. J. Appellant instituted this action before a justice of the peace against appellee, a railway corporation, to recover the sum of $104.39 alleged to be due as balance on wages earned by appellant as an employee of appellee, and also to recover a penalty alleged to be due for failure to pay the wages when appellant

was discharged from service. The case was appealed to the circuit court and on a trial there the jury found in appellant's favor in the sum of $10.00. The court submitted to the jury the question of appellant's right to recover a penalty. The jury made an express finding against the allowance of a penalty. After the verdict was rendered, appellant filed his motion to the court asking an assessment of the penalty prescribed by statute in case of discharged employees of railroad corporations, and said motion was by the court overruled.

The contention here is that the jury having found in appellant's favor for a part of his claim for wages, it follows necessarily that he was entitled to a judgment for the penalty. The contention is unsound for the reason that there may be a just claim for unpaid wages without the right to recover a penalty. The statute (Kirby's Digest, § 6649, as amended by Act of April 24, 1905, p. 537), provides that a discharged employee may recover a penalty of full wages until date of payment, but that he must make request for payment, and unless such demand is made the penalty is not incurred. *Wisconsin & Arkansas Lumber Co.* v. *Reaves*, 82 Ark. 377.

It appears from the testimony in this case that appellant had been working in the service of appellee as motorman prior to September 7, 1914, at a monthly wage of $75.00, and that on that day an agreement was made to reduce the salaries of motormen to $65.00 a month. Appellant continued to work in appellee's service until February 8, 1915, when he was discharged, and an itemized statement of his account was furnished showing a balance due him of $34.31, for which a check was given containing on its face the words "paid in full." Appellant accepted the check and collected the amount. He testified that he did not notice at the time he received the check that it contained the statement quoted above, and that when the account was delivered to him he stated to the manager that he would examine it and would come back the next day and report if he found that it was not correct. He testified further that he did come back and assert his claim for the additional amount.

The court properly left it to the jury to determine whether or not there was a demand and a refusal to pay. No objections are urged here to the instructions of the court on that subject, and we are of the opinion that under the evidence adduced there was sufficient to warrant the jury in finding that there was no refusal to pay, notwithstanding the fact that there was still a small part of the wages unpaid as found by the jury. Appellant accepted the itemized statement, accompanied by a check for the amount shown to be due containing a recital that the amount was received in full payment, and this raised an issue of fact as to whether or not appellant's acceptance was conditional, and whether he subsequently made a demand for payment of a larger sum. It was incumbent on him under those circumstances to point out the errors and omissions in the account, and having failed to do so he is not entitled to the penalty, even though it was found that appellee owed $10.00 in addition to what had been paid. *Hall* v. *C. R. I. & P. Ry. Co.*, 96 Ark. 634.

We are therefore of the opinion that the issues of fact as to appellant's right to recover the penalty have been decided against him by the jury upon legally sufficient evidence, and that the judgment should be affirmed. It is so ordered.