LUSK ET AL., RECEIVERS, ST. LOUIS & SAN FRANCISCO RD. CO. *v.* JONES.

Opinion delivered April 16, 1917.

1. RAILROADS—PAYMENT OF WAGES TO DISCHARGED EMPLOYEE—PENALTY.—In order for an employee of a railway company to avail himself of the penalty provided in Kirby's Digest, § 6649, as amended by Act 210, Acts of 1905, he is required to request his foreman or timekeeper to send his money or check therefor to some station where a regular agent is kept; else, after expiration of seven days from the date of his discharge, he is required to demand his money from some one authorized to pay the wages due him.

2.  RAILROADS—DISCHARGED EMPLOYEE—WAGES—NOTICE TO COMPANY.
    —The discharged employee is not relieved of the duty set out above,
    because his foreman or timekeeper knew that he was in the habit of
    receiving his pay check at a certain station.

3.  RAILROADS—DISCHARGED EMPLOYEE—WAGES.—In order for an em-
    ployee of a railway company to avail himself of the penalty provided
    by Kirby's Digest, § 6649, as amended by Act 210, Acts of 1905, he
    must comply strictly with the statute.

Appeal from Craighead Circuit Court, Jonesboro
District; *W. J. Driver,* Judge; reversed.

*W. F. Evans, W. J. Orr* and *Lamb, Turney & Sloan,*
for appellant.

1. A discharged employee is not entitled to recover
the statutory penalty automatically because he is dis-
charged and wages are not paid then and there. Kirby's
Digest, § 6649; 87 Ark. 132; 88 *Id.* 277; 188 S. W. 836; 102
*Id.* 206. No request for wages was made. 82 Ark. 377;
102 S. W. 206.

The appellee, *pro se.*

1. The employee was discharged—his wages were
not paid, although demand was made. Kirby's Digest,
§ 6649, Acts 1905, p. 537; 132 S. W. 911; 75 Ark. 138; 120
S. W. 970; 87 Ark. 132; 188 S. W. 836. The company is
liable.

HUMPHREYS, J. Appellee brought suit against ap-
pellant before J. B. Nichols, a justice of the peace in
Jonesboro township, Craighead County, Arkansas, to re-
cover the sum of $28.50, an alleged penalty due him under
Act 210 of the Acts of Arkansas, 1905. Judgment was
rendered in favor of appellee, from which an appeal was
prosecuted to the Craighead Circuit Court, Jonesboro
District, First Division, where the case was tried by the
court sitting as a jury, upon the following statement of
facts:

Appellee was regularly and legally employed by the
officers of appellant, as a pumper at the station at Jones-
boro, Arkansas, at the rate of $1.50 per day, or night, and
on the 14th day of December, 1915, W. M. Bailey, the

water service man, discharged him and refused to give him an identification, or pay check, or any other check, or money for his time wages then due him, he calling upon said company's office in the city of Jonesboro, Arkansas, every day or two for his money, and said pay check did not arrive, and was not delivered to him until on the 1st day of January, 1916; that said appellee did not notify his foreman or timekeeper where to send his pay check, but his foreman knew that plaintiff had received his pay checks, previously, through the agent at Jonesboro.

The circuit court found as a matter of law, under the above statement of facts, that appellee should recover the amount of $28.50, together with his costs, from the appellant, and rendered a judgment in accordance with that finding. Proper steps were taken and an appeal from that judgment has been lodged in this court.

The only question presented by this appeal is whether appellee brought himself within section 6649 of Kirby's Digest as amended by Act 210 of the Acts of the Legislature of 1905, *supra,* which provides that laborers may recover a penalty upon discharge in case the employee "requests of his foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to any station where a regular agent is kept; and if the money aforesaid, or a valid check therefor, does not reach said station within seven days of the date it is so requested, then as a penalty for such nonpayment the wages of such servant or employee shall continue from the date of discharge or refusal to further employ, at the same rate until paid." This section has been before this court for construction frequently. In the case of *St. L., I. M. & S. R. Co.* v. *Bailey,* 87 Ark. 132, Mr. Justice BATTLE, in rendering the opinion of the court in referring to the act, said: "Under this act the wages of the discharged servant becomes due when he is discharged, and no penalty accrues unless he requests his foreman or the keeper of his time to have the money due him, or a valid

check therefor, sent to a specified station where a regular agent is kept, and the money or check does not reach such station within seven days of the date it is requested."

In the case of *St. L., I. M. & S. R. Co.* v. *McClerkin,* 88 Ark. 277, handed down by this court November 30, 1908, in construing the statute in question, the court said: "Before appellee can recover the penalty claimed by him under the statute quoted above, he must show that he has strictly complied with the terms, for the statute is highly penal. The appellee does not show that he made a request of his foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to any station where a regular agent is kept."

Appellee insists that because he demanded his past due wages from his employer on the date of his discharge, and because he called at the railroad office in Jonesboro every day or two for his pay that he fully complied with the requirements of the statute. This contention is opposed to the construction placed upon this statute in the cases above referred to. In order for an employee of a railroad company to avail himself of the penalty provided in this statute, he is required to request his foreman or timekeeper to send his money or check therefor to some station where a regular agent is kept; else, after the expiration of seven days from the date of his discharge, he is required to demand his money from some one authorized to pay the wages due him. The record is silent as to whether the local agent had any authority to pay appellee his wages. We can not presume that the local agent at Jonesboro had such authority.

Appellee failed to bring himself within this statute by notifying his foreman to send his money, or check, to a station where a regular agent was kept; or by failing to demand his pay after the expiration of seven days from the date of his discharge from an officer or agent of the railroad authorized to pay his wages.

But appellee further insists that because his foreman or timekeeper knew that he had been receiving his pay check at the Jonesboro station it was unnecessary for him to give the notice required by the statute. The court adheres to its former construction that in order for an employee of a railroad to avail himself of the penalty, he must comply strictly with the statute.

It appearing from the agreed statement of facts that the case has been fully developed, the cause is reversed and dismissed.