BUSH, RECEIVER ST. LOUIS, IRON MOUNTAIN & SOUTHERN
RAILWAY COMPANY *v.* COLEMAN.

## Opinion delivered November 26, 1917.

1. RAILROADS—FAILURE TO PAY EMPLOYEES—PENALTY.—Kirby's Digest, § 6649, as amended by act of 1905, page 537, declaring a penalty for the failure of a railway company to pay its employees promptly, is penal in its nature, and recovery can not be had under it unless the discharged employee shows that he has made a distinct demand in accordance with the terms of the statute.

2. RAILROADS—PAYMENT OF WAGES—PENALTY.—The words "foreman or keeper of his time" as used in Kirby's Digest, § 6649, as amended by act of 1905, page 537, refer to the immediate foreman or time-keeper, and not to *any* superior of the discharged employee in the same department.

Appeal from Pope Circuit Court, *A. B. Priddy,*
Judge; reversed.

*Thos. B. Pryor* and *W. P. Strait,* for appellant.

Appellee is entitled to judgment for the wages due, $4.20. He was not entitled to the penalty. No proper demand was made for his wages. 87 Ark. 136; 82 *Id.* 377; 125 *Id.* 366; 88 *Id.* 281; 125 *Id.* 377.

McCULLOCH, C. J. Appellee instituted this action against appellant as receiver of the St. Louis, Iron Mountain & Southern Railway Company to recover the amount of wages due him as an employee of appellant, and also the statutory penalty provided for failure to pay the wages of a discharged employee. The amount of wages sued for is the sum of $4.20, for two days work.

Appellee was employed by the receiver to work at Russellville, Arkansas, his duties being to clean the clinkers out of engines while they were stopped at that station. He worked during the month of November, 1916, until the 17th day of that month, when he was discharged. Smallwood, the station agent at Russellville, was the foreman of that work, and was also the keeper of appellee's time. Employees were paid semi-monthly, on the 1st and 15th days of each month, the time up to each pay day being included in the pay check delivered on the

next pay day. Appellee made no demand on Smallwood for his pay at the time he was discharged, but went to Van Buren to see the master mechanic, who was the division foreman, to see about getting another job. The master mechanic refused to re-employ him, and he then made demand on the master mechanic that his pay check be sent to Russellville. He went to Russellville on the next pay day, which was December 1st, and his pay check was delivered to him, but it included only his wages up to the last pay day, November 15th, and did not include the wages for the two additional days. When the check was delivered to him attention was called to the fact that it did not include pay for those two days, and he made complaint, saying: "I am going to see that they pay me every day that I am out of it." This statement was made to Smallwood. No request was made by him at that time that the check be sent to Russellville.

This action was instituted December 11, 1916, and on December 13th, Smallwood tendered to appellee the amount of his wages for the two days, which amount was refused. Appellee recovered judgment below for the amount of wages and penalty in the sum of $52.50. The statute (Kirby's Digest, § 6649, as amended by Act of 1905, page 537) provides that when any railroad company or receiver operating a railroad shall discharge an employee "the unpaid wages of any such servant or employee, then earned at the contract rate, without abatement or deduction, shall be and become due and payable on the day of such discharge or refusal to longer employ; any such servant or employee may request of his foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to any station where a regular agent is kept, and if the money aforesaid, or a valid check therefor, does not reach such station within seven days from the date it is so requested, then as a penalty for such non-payment the wages of such servant or employee shall continue from the date of the discharge or refusal to further employ, at the same rate until paid."

(1)   We have held that the statute is penal in its nature, and that recovery can not be had under it unless the discharged employee shows that he has made a distinct demand in accordance with the terms of the statute. *St. L., I. M. & S. Ry. Co.* v. *Bailey,* 87 Ark. 132; *St. L., I. M. & S. Ry. Co.* v. *McClerkin,* 88 Ark. 277; *Hall* v. *C., R. I. & P. Ry. Co.,* 96 Ark. 634.

(2)   The words "foreman or keeper of his time" refer to the immediate foreman or time-keeper, and not to any superior of the discharged employee in the same department. The purpose of the statute is that the demand shall be made either to the superior who has immediate supervision over the discharged employee or the one who keeps his time. The master mechanic at Van Buren had general supervision over the employees in that department, but he was not the foreman or time-keeper within the meaning of the statute, and the demand on him for payment of the wages was not sufficient compliance with the terms of the statute to justify the imposition of the penalty. Nor was the complaint made subsequently when the pay check was delivered at Russellville sufficient to constitute a demand of payment of the remainder of wages with a designation of the particular station to which the check should be sent.

Our conclusion is, therefore, that according to the undisputed evidence appellee failed to make out a case for the recovery of the penalty, and the judgment in his favor was erroneous. Appellant offered to confess judgment for the sum of $4.20, the amount of the wages, and that is the judgment which the court should have entered. The judgment for the penalty and for the costs of the action subsequent to the offer to confess judgment is reversed, and judgment will be entered here in favor of appellee for the sum of $4.20 with costs up to the offer made by appellant to confess judgment.