ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY *v.* DeVOE.

Opinion delivered February 13, 1922.

MASTER AND SERVANT—NONPAYMENT OF WAGES—PENALTY.—Under Crawford & Moses' Dig., § 7125, imposing a penalty on railroad companies for failure to pay the wages of their employees promptly upon their discharge, recovery of the penalty can not be had unless the discharged employee shows that he requested of his foreman or keeper of his time to have his wages sent to a station where a regular agent is kept, and that the money did not reach such station within seven days from the date of such request.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; reversed.

*W. F. Evans, W. J. Orr* and *Ponder & Ponder,* for appellant.

The demurrer to the amended complaint should have been sustained. 13 Ark. 379.

SMITH, J. This cause came on to be heard upon a demurrer to the plaintiff's amended complaint, the material portions of which read as follows: "That this plaintiff was employed by the defendant company through the first half of the month of August, 1920, as a laborer in the construction of a water tank and pumping station at Hoxie, Arkansas, his daily wage being five and 12-100 dollars for eight hours' work, and this plaintiff worked in the first half of August, 1920, one hundred and ten hours, for which the said defendant owed him the sum of seventy dollars and forty cents, less hospital fees amounting to seventy-five cents, leaving a balance of sixty-nine and 65-100 dollars due this plaintiff on the first half of August. That on the 20th day of August, 1920, he was discharged from service of the said company and the said sum became immediately due and payable. That defend-

ant failed, neglected and refused to pay said sum for more than seven days after said discharge, to-wit, for a period of fourteen days. That by reason of the failure of said defendant to pay plaintiff within seven days after his discharge it became liable to him under the statute for his daily wage until he was paid, for fourteen working days at five and 12-100 dollars per day.'' There was a prayer for the statutory penalty in the sum of $71.68, and as the railroad stood on its demurrer and refused to plead, further judgment was rendered in accordance with the prayer of this complaint, from which is this appeal.

The demurrer was upon four grounds, but as three of these are merely suggested without being fully briefed we do not stop to consider them, as we find that the first ground of demurrer—that the complaint fails to state facts sufficient to constitute a cause of action—is well taken.

The complaint is defective in that it omits the essential allegations that the plaintiff requested ''his foreman, or the keeper of his time, to have the money due him, or a valid check therefor, sent to any station where a regular agent is kept,'' nor does it allege that the money or check did ''not reach such station within seven days from the date'' it was so requested, as required by § 7125, C. & M. Digest, which confers the right to sue for the penalty by a discharged employee for non-payment of his wages.

In the case of *Bush* v. *Coleman,* 131 Ark. 379, we said this statute was penal in its nature, and that a recovery could not be had under it unless the discharged employee shows that he has made a distinct demand for the payment of his wages in accordance with the terms of the statute. In that case the demand was made on the master mechanic, who was the division foreman, having jurisdiction, as such, over Russellville, Arkansas, where the discharged employee had been employed. We held this demand insufficient to comply with the requirements of the statute for the reason that the words, ''foreman or

keeper of his time," appearing in the statute, refer to the immediate foreman or timekeeper, and not to any superior of the discharged employee in the same department.

We have here a total failure to allege a demand upon any one, and the demurrer should therefore have been sustained.

The judgment is therefore reversed and the cause remanded.