Lee *v.* Southwestern Bell Telephone Company.

4-6627 158 S. W. 2d 933

Opinion delivered February 23, 1942.

*Rex W. Perkins* and *Mallory & Darnell*, for appellant.

*Bernal Seamster* and *Downie & Downie*, for appellee.

GRIFFIN SMITH, C. J. The appeal is from a judgment sustaining appellee's demurrer to appellant's complaint.

Carrie C. Lee, doing business as Campus Cafeteria, alleged that on or about October 21, 1938, she made written application to the telephone company for a designated service. Appellee, with discriminatory intent, failed to supply the service. The statutory penalty provided by Act 95, approved Feb. 25, 1913, was sought. Pope's Digest, § 14261. Liability for 847 days was alleged, amounting to $4,285 as of June 10, 1941.[1]

May 9, 1939, appellant was adjudged $510 in consequence of a suit alleging discrimination. On appeal to this court the judgment was affirmed. *Southwestern Bell Telephone Co.* v. *Lee,* 200 Ark. 318, 140 S. W. 2d 132.

The amended complaint in the instant case shows that no written request for the class of service alleged to have been withheld was made after the suit was filed which resulted in the 1939 judgment. The statute makes the $5 penalty applicable to each day from expiration of the ten-day period in which the company may comply, and the penalty is cumulative ". . . until such demand is complied with or suit is instituted for failure to comply with such demand. . . ."

Appellant argues the company was informed of her desire for the service that was being withheld; therefore a written demand was unnecessary.

The statute, however, is highly penal, and should be strictly construed. *St. Louis, Iron Mountain & Southern Railway Company* v. *McClerkin,* 88 Ark. 277, 114 S. W. 240.

---

[1] Eight hundred forty-seven days at $5 would be $4,235, instead of $4,285, plus $100. This error is immaterial.

There is but one cause of action, and it has been adjudicated in appellant's favor. No subsequent written request was made. This fact is ascertainable from the complaint. It follows, therefore, that the court did not err in sustaining the demurrer. See *Cumberland Telephone & Telegraph Company* v. *Hartley*, 127 Tenn. 184, 154 S. W. 531.

Affirmed.