O. E. DURANT, RESPONDENT, v. INDUSTRIAL PRODUCTS MANUFACTURING COMPANY. A CORPORATION, APPELLANT.—235 S. W. 2d 574.

Kansas City Court of Appeals. Opinion delivered January 8, 1951.

*Elmer E. Hall, Francis G. Hale* and *Robert E. Coleberd* for appellant.

*Lawson, Hale & Coleberd* of counsel.

*Carl H. Willbrand* for respondent.

BROADDUS, J.—This is an appeal by defendant from a judgment in plaintiff's favor in the sum of $960.

The petition alleged the corporate existence of defendant; that plaintiff had been regularly employed by defendant since on or about March 1, 1943, at an agreed salary of $600 per month; that on or about March 4, 1949, he was discharged as such employee without cause and that defendant was indebted to him in the sum of $360, the balance of unpaid wages for February, 1949, the sum of $600 for the month of March, and the sum of $600 for the month of April, 1949; that a written demand had been made on defendant on April 27, 1949, for payment, and defendant's refusal.

The petition is based upon the following statute:

"Wages of discharged servant or employe are due on date of discharge—penalty for delay in paying wages to discharged employe,—Whenever any corporation doing business in this state shall discharge with or without cause, or refuse to further employ any servant or employe thereof, the unpaid wages of any such servant or employe then earned at the contract rate, without abatement or deduction, shall be and become due and payable on the day of such discharge or refusal to longer employ; and such servant or employe may request in writing of his foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to any station or office where a regular agent is kept; and if the money aforesaid, or a valid check therefor, does not reach such station or office within seven days from the date it is so requested, then as a penalty for such nonpayment the wages of such servant or employe shall continue from the date of the discharge or refusal to further employ, at the same rate

until paid: Provided, such wages shall not continue more than sixty days, unless an action therefor shall be commenced within that time.'' (Laws of Mo. 1943, Sect. 76, page 453.)

This section is not new. It first appeared in our Session Acts of 1913 at page 175.

Plaintiff was a stockholder in defendant corporation since its incorporation, January 20, 1943. At the first meeting of the stockholders, he was elected a director and at the first directors meeting, was elected treasurer and, as treasurer, to serve as technical director. His salary was fixed at $600 per month. He occupied the position of treasurer and, as such treasurer, a technical director of defendant until February 12, 1949, when at a stockholders' meeting on said date, he was not re-elected a director, nor was he elected treasurer and, as such, a technical director of defendant corporation by its board of directors.

Plaintiff attended the stockholders' meeting on February 12, 1949. He testified that he knew what occurred at the meeting; that at said meeting, one McKim received one share of stock and was elected to plaintiff's place; that he, plaintiff, was ''allegedly voted out'' as a director. Upon defendant's demand plaintiff, before February 21, 1949, delivered to defendant all of its property and records in his possession. Plaintiff appeared at defendant's plant contending that he continued to hold the office of treasurer. Plaintiff was paid his salary to February 12, 1949. On April 27, 1949, he made a written demand on defendant for the sum of $360, which he contended was the balance of his salary for February, and the further sum of $600, which he contended was his salary for March, 1949.

Plaintiff, who was the only witness in the case, admitted there had been dissension and discord in the defendant corporation, particularly between Mr. Marler, president of defendant, and himself.

As stated, the jury returned a verdict for plaintiff in the amount of $960. After an unavailing motion for new trial, defendant duly perfected its appeal to this court. The principal question presented here is whether plaintiff made a submissible case.

The above statute, being penal in its character, must be strictly construed. Quinn v. T. M. Sayman Products Co., 296 S.W. 198 (Mo. App.)

Arkansas has a statute identical with ours. In the case of St. L. R. Co. v. McClerkin, 88 Ark. 277, 114 S.W. 240, the Supreme Court of that State said:

''Before appellee can recover the penalty claimed by him under the statute quoted above, he must show that he has strictly complied with its terms, for the statute is highly penal. The appellee does not show that he made a request 'of his foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to any station where a regular agent is kept.' ''

Plaintiff made no such showing, and could not. He had no "foreman or keeper of his time." From the time defendant corporation was organized plaintiff had been a director therein, its treasurer and, as such treasurer, technical director.

Plaintiff was not a "servant or employe" within the meaning of this statute. 56 S.J.S. at page 28, referring to the term "employe" says "it rarely refers to the higher officers of a corporation * * * * and an 'employe' is generally distinguished from an official or officer, or one employed in a position of some authority."

In 91 Mo. App. 85 is a carefully considered opinion, Pullis Bros. Iron Co. v. Boemler. There Judge Goode construed Sect. 1006 R.S.Mo. 1899. That statute afforded priority to "all debts due employees or operatives of wages for their labor." The opinion holds that Sect. 1006 being so similar to the one contained in the chapter on executions (Sect. 3168), that the two ought to be read together *in pari materia*. Sect. 3168, under certain circumstances, gave "the debts owing laborers or servants" to an amount not exceeding one hundred dollars to each "employe" a preference. The court reviews decisions from various jurisdictions and then says:

"In all the foregoing cases, attempts to extend the significance of such words as servants, laborers, operatives and employees, used in statutes like the one we are construing, to embrace persons in occupations calling for oversight, management or discretion, failed, the court in every case holding that the words denoted, and were intended to denote, only such employees as themselves perform an assigned task, without being concerned with the general policy, management or success of the business in the prosecution of which they are engaged to help. Perhaps that is as good a criterion as any."

To us the above holding is germane to the question here presented and very persuasive. We are aware that the term "wages" as used in our exemption statutes, has been liberally construed. This for the reason that those statutes were enacted for a benevolent purpose, not to punish like the statute before us.

We are compelled to rule that plaintiff did not come within the purview of the statute relied upon and that defendant's motion for a directed verdict should have been given. The judgment is reversed. All concur.