The Honorable Jerry Hunton State Representative 14221 Greasy Valley Road Prairie Grove, Arkansas 72753
Dear Representative Hunton:
This is in response to your request for an opinion on three questions concerning Act 473 of 1989, which allows for the collection of a civil penalty against parents of students who are excessively absent from school. The act allows for the penalty to be forwarded to the school district.
Your three specific questions are as follows:
 1. Does the act mandate that city prosecutors handle such cases as are delivered to them by school officials?
 2. Does the jurisdiction of a city attorney extend to parents who reside outside the corporate limits; and
 3. In your opinion, is the portion of the statute which effectively allows the levy of civil charges by the court for the benefit of the schools constitutional?
It is my opinion that the answer to all three of your questions is "yes."
It should be noted initially that Act 473 of 1989 has been amended by Act 70 of 1989 (3rd Ex. Sess.) and by Act 876 of 1991.
In response to your first question, I have enclosed a copy of Opinion No. 91-215, which I believe satisfactorily answers your question in the affirmative. It is noted in that opinion that if the "city prosecutor" is one required by the act to prosecute these cases, the failure to do so constitutes neglect of duty and may be enforced by the State Board of Education through the mandamus procedure.
In response to your second question, it is my opinion that the act gives city attorneys, in certain instances, the jurisdiction to prosecute cases of students whose school of attendance is within the city limits, without regard to where the parents reside. See A.C.A. § 6-18-222 (a)(8).
In response to your third question, it is my opinion that the levy and collection of a civil penalty by the court for the benefit of the schools would be held constitutional. It has been held that the legislature may, in the exercise of its police power, impose penalties for non-compliance with statutory duties, so long as not violative of any constitutional provision or public policy. St. Louis, I.M. S. Ry. Co. v. Pritchard,97 Ark. 100, (1910). Such penalties, however, may be strictly construed. St. Louis, I.M. S.R. Co. v. McClerkin,88 Ark. 277, 114 S.W. 240 (1908). It has also been stated that the legislature, in the absence of constitutional restrictions, may give the penalties to such persons and for such particular purposes as in its wisdom it may deem proper. 70 C.J.S.Penalties § 23. See also Marvin v. Trout, Ohio,199 U.S. 212 (1905).
In light of the principles above, it is my opinion that the portion of the statute which allows the levy of a civil penalty for the benefit of the schools is constitutional.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh