No other questions are presented, and the judgment is affirmed.

---

ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* BROWN.

Opinion delivered April 22, 1905.

RAILROAD—PENALTY FOR FAILURE TO PAY WAGES OF DISCHARGED EMPLOYEE.— Where a railroad employee, on being discharged, consented to waive his statutory right to receive at once his wages already earned, and to receive same within three days, he was entitled to recover the statutory penalty for all delay in excess of the time agreed, and was under no obligation thereafter to call for his pay check.

Appeal from Miller Circuit Court.

JOEL D. CONWAY, Judge.

Affirmed.

STATEMENT BY THE COURT.

Appellee Brown was a day laborer, working for appellant railroad company. He was discharged on the 27th of August, 1902, and there was due him, after deducting amounts he

owed, the sum of $3.25. The foreman sent Brown to the time-keeper to get an identification certificate. The timekeeper asked Brown where he wanted his check sent to, and Brown told him to Texarkana, and asked when he would receive it, and was told in three days. Brown knew that the statement of his account would be sent to the office of the superintendent at Pine Bluff, and the check sent out from there. Brown received his identification certificate from the timekeeper, and on the third day after his discharge went to the office of the cashier at Texarkana with his identification certificate. The cashier told him his check was not there. He called again in two or three days, and a third time, and each time received the same reply. On the 5th of September, 1902, the check reached the cashier at Texarkana, and was kept there till September 21, when it was returned to Pine Bluff. Brown did not call during the time the check was there, and later brought this suit for his wages and the statutory penalty. The circuit court, sitting as a jury, found the foregoing facts, and rendered judgment for $3.25 wages and $67.50 as penalty. The railroad company appealed.

*S. H. West* and *Gaughan & Sifford,* for appellant.

The penalty act relied upon by appellee is unconstitutional. 58 Ark. 407; 64 Ark. 83.

*Scott & Head,* for appellee.

Hill, C. J., (after stating the facts.) This action was founded on section 6243, Sandels & Hill's Digest. The wages due Brown on his discharge became due forthwith, and, not then being paid, the company became liable, as a penalty for not paying, for a continuation of his daily wage until terminated as in the statute provided. It was an act of indulgence to the railroad company that Brown consented to receive his check at Texarkana three days after discharge, instead of standing on his statutory right for immediate payment. He made, beginning the third day after his discharge, three trips for his check. The indulgence of three days was lengthened into nine. The statute was passed to prevent railroads thus delaying the payment of their debts to their employees, especially the helpless class dependent upon

their labor for their daily sustenance. The General Assembly of 1903, recognizing the impossibility of large railroad corporations paying instantly and at the place of discharge without disarranging their orderly system of bookkeeping, amended this act so as to give them seven days from the discharge to have the check sent to any station desired by the creditor. Kirby's Dig. § 6649. This action is controlled by the former law, but it is noteworthy that, had the present more lenient statute been in force, the appellant delayed the employee beyond its term.

There is no finding that Brown absented or secreted himself so as to avoid payment and take the case into the exception of section 6650, Kirby's Digest. The contention is that he should have continued calling at the cashier's desk. The statute does away with that method of collection, and it puts the duty on the railroad company of paying at once, and it would have been more consonant to its spirit for the cashier to have been calling on Brown, instead of Brown calling on the cashier, after the railroad was in default.

The constitutional questions touching this statute were settled in *St. Louis, I. M. & S. Ry. Co.* v. *Leep,* 58 Ark. 407, and *St. Louis, I. M. & S. Ry. Co.* v. *Paul,* 64 Ark. 83.

The judgment is affirmed.