STEWART & ALEXANDER LUMBER COMPANY *v.* WEAVER.

Opinion delivered July 8, 1907.

MASTER AND SERVANT—PENALTY FOR NONPAYMENT OF WAGES.—Before the statutory penalty can be recovered from a corporation for nonpayment of the wages of an employee (Kirby's Digest, § 6699, as amended by Acts 1905, p. 538), it must appear that there are unpaid wages due to such employee, after allowing all payments in money, goods or otherwise, or any other credit which the parties have validly contracted should go against the wages.

Appeal from Hot Spring Circuit Court; *Alexander M. Duffie,* Judge; reversed.

*Richmond & Berger* and *Mehaffy, Williams & Armistead,* for appellant.

When appellee accepted the amount tendered to him in full satisfaction of the account and signed a receipt therefor, he is

bound by that act, notwithstanding he may have expressed dissatisfaction and threatened to bring suit. It is not the intention of the party accepting the tender which controls, but the condition attached to the offer which he accepts by the fact of his receipt. 3 Coke's Rep. 238; 148 N. Y. 331; 47 Neb. 884; 45 N. Y. Supp. 961; 145 Mo. 651; 72 Mo. App. 403; 137 Fed. 1; Beach on Contracts, § 434 *et seq.;* 43 Conn. 463; 44 Conn. 541; 21 Vt. 227; 46 Ark. 217. The offer of a certain amount in discharge of an unliquidated demand must be accepted or rejected as a whole. 183 Ill. 183; 138 N. Y. 231; 65 Neb. 339; 85 Hun, 472; 81 N. Y. Supp. 648; 84 *Id.* 609.

*Jabez M. Smith,* for appellee.

Appellant's plea of accord and satisfaction was not made out, and the question of the acceptance of the money as a full settlement was one of fact for the jury. A receipt is not a contract, but is merely *prima facie* evidence of the facts recited by it, and may be explained or contradicted by parol or other competent evidence. 23 Am. & Eng. Enc. Law, 933: *Id.* 978; 4 Am. Dec. 327; 16 Am. Dec. 536; 97 S. W. 188.

HILL, C. J. L. D. Weaver, an employee of the Stewart & Alexander Lumber Company, a corporation, was discharged on the 11th day of May, 1906. The paymaster of the Lumber Company made out his account, and found that there was due him for wages the sum of $10.13, and deducted therefrom $1.12 for medical attendance and insurance. A controversy arose between Weaver and the paymaster as to whether he should be charged for medical attendance and insurance for the full month, as he was discharged on the 11th. The paymaster contended that he had a right to take it out for the full month, and Weaver contended that he did not have the right to take it out for the full month. Later, Weaver returned and accepted from the paymaster the $9.01 and signed a receipt in full therefor, but said that he would see if he could make him pay the balance.

Weaver brought suit in a justice court for $1.12, and for penalty at the rate of $2 per day, his daily wage at the time he was discharged, until payment, pursuant to section 6699 of Kirby's Digest, as amended by the act of April 24, 1905 (Acts of 1905, page 338). After an appeal to the circuit court; the

case resulted in a verdict as follows: "We the jury, find for the plaintiff judgment for the sum of $164 as penalty." Judgment was entered upon said verdict, and the Lumber Company has appealed.

The first part of the first instruction to the jury is as follows: "The court instructs the jury that if you find there was $1,12 due the plaintiff at the time of his discharge, and that the defendant refused to pay the same," etc. There is absolutely no evidence that there was $1.12 due the plaintiff at the time of his discharge. Weaver and the paymaster both swear that there was a controversy between them as to whether Weaver was chargeable for the full month for medical attendance and insurance; but there is nothing in this record to show which was right in their respective contentions. There is no dispute but what he was chargeable as an employee with these items, and the only dispute is whether, being discharged on the 11th, he was chargeable with these items for the full month, or chargeable for only a fractional part of the month, or probably whether they were chargeable at all unless he worked a full month. This, of course, depended upon the contract between the employees and the company which authorized the company to charge these items against their wages. That contract is not shown; whether it was in writing, or in parol, or only existed by custom is not developed. There is a mere recognition by each side that such items were ordinarily chargeable against the wages of employees, and nothing more. These items were not setoffs, but appear to have been fixed charges against the wages of the employees.

The complaint states that there is $1.12 due the plaintiff, together with penalties; the answer denies that $1.12 was due; no evidence has been introduced as to whether it was due or not. The verdict of the jury only found the amount of penalty for the plaintiff. This, of course, presupposed some nonpayment of some wages, but the evidence of wages due is not found in this record.

This statute is to "protect the employees of corporations, many of whom are day laborers and dependent upon their daily wages for support and maintenance, and who are not in a position to enter into expensive litigation, (and) the law seeks to

compel payment without suit by making it to the interest of the corporation to promptly pay the unpaid wages of the discharged employee." *Wisconsin & Ark. Lbr. Co.* v. *Reaves,* 82 Ark. 377.

As stated, it was not shown that there were any unpaid wages, and this statute can not be construed as forbidding a corporation to take out of the wages of its employees any just credits to which it may be entitled. When the statute is invoked, it must be shown that there are unpaid wages; and unpaid wages would of course include unwarranted abatements or deductions from the contractual wage, but would not include payments in money, goods or services, or any other credit which the parties might validly contract should go against the wages.

There are other questions presented which are likely fatal to appellant's cause, but it is not necessary to pass beyond this question which meets the court at the threshold of a consideration of the issues involved.

Reversed and remanded.