WISCONSIN & ARKANSAS LUMBER COMPANY v. THOMPSON.

Opinion delivered October 26, 1908.

MASTER AND SERVANT—PENALTY FOR NONPAYMENT OF WAGES.—Where a discharged employee presented his identification check to the paymaster, and demanded his unpaid wages, and the paymaster refused to pay such wages because he had no showing of the amount thereof, the employee could not recover the statutory penalty if he failed to call for his pay after seven days from his discharge, or to notify the employer where to send his pay check.

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; reversed.

*N. P. Richmond* and *H. Berger,* for appellant.

As this is a suit for a penalty under the act of 1905, p. 538, and the seven days allowed by law had not expired, there could be no recovery.   82 Ark. 378.

*H. B. Means,* for appellees.

The instructions of the court are correct.   82 Ark. 378. Fielding was of age, and responsible for costs.   66 Ark. 418. A clear case was made under the provisions of the act.   Acts 1905, page 538.   Where payment is refused on demand, the company assume the burden of seeing that the laborer is paid his wages or offered payment at the expiration of the seven days.

HART, J.   This is a suit by C. F. Thompson and J. M. Fielding against Wisconsin & Arkansas Lumber Company to recover the penalty imposed by statute upon corporations for failing to pay the wages of discharged employees within seven days from their discharge.   Acts of 1905, p. 538.

Separate suits were brought, but the cases were consolidated by order of the court and tried at the same time.   There was a jury trial and verdict for the plaintiffs, and defendant has appealed.

The essential facts in this case are the same as those in the case of *Wisconsin & Arkansas Lumber Company* v. *Reaves,* 82 Ark. 377, and the principles there announced control here.   The only difference between the facts in this case and the Reaves case is as follows:   When the laborers went to the paymaster's office, and presented their identification checks, the paymaster said:   "You would not go to the car; if this had been reasonable, I would pay you."   The paymaster explained that the identification checks did not show whether the parties were discharged, or had merely quit, and did not show the amount due them; that the laborers were in the habit of trading at the company's store in the woods, and that he did not know how much they owed until the report from the woods where they worked was received.

If the language above quoted could be construed as an absolute refusal to pay on the part of the company, then the present case could be distinguished from the Reaves case; for it would be no use for the laborers to leave their addresses if the company refused absolutely to pay them.   This is in accord with the rea-

soning of the case of *St. Louis S. W. Ry. Co.* v. *Brown,* 75 Ark. 137.

We do not think, however, that the language is susceptible of that interpretation. The paymaster merely meant to tell them they were not reasonable because they did not go to the cars, which was the usual and customary place for the men to be paid off, and that he could not pay them until he had definitely ascertained how much the company owed them.

Counsel for the plaintiffs urge that the Reaves case be overruled, but no new arguments are presented therefor. No reason is given, and none is perceived by the court, to warrant a departure from the rule adopted in that case. Therefore, under the undisputed facts as disclosed by the record, the court below should have directed a verdict for the defendant, as requested by it.

The judgment is reversed, and the cause remanded for a new trial.