8663

### WYNNE v. SEABOARD AIR LINE RY.

CORPORATIONS—EMPLOYEES—WAGES.—Section 3812 of Code of 1912, pro-
viding a penalty for failure of a corporation to pay discharged
employees, is not subject to the objection that it deprives the
corporation of its property without due process of law, or denies
it the equal protection of the law or the liberty of contract. The
statute may be sustained under the constitutional power to alter,
amend, etc., any charter, and under the police power. It is not
intended to prevent the corporation from making any valid defense
to the claim for wages, nor to apply where the employee prevents
compliance by his own conduct.

Before SEASE, J., Richland, February, 1913. Affirmed.

Action by A. W. Wynne against Seaboard Air Line Ry.,
in court of H. F. Beuchel, magistrate. From Circuit
judgment affirming judgment of magistrate, defendant
appeals.

*Elected January, 1914.

1—96

*Messrs. Lyles & Lyles,* for appellant, cite: *Meaning of liberty to contract:* 165 U. S. 578; 41 S. C. 237; 45 S. E. 327; 2 L. R. A. (N. S.) 591; 50 Am. R. 639. *Police power does not apply here:* 33 S. C. 103; 53 S. C. 259, 288; 78 S. C. 451; 152 U. S. 137; 50 Am. R. 646; 80 S. C. 188; 4 Wall. 277; 18 L. R. A. 546. *Court must decide if an act is proper exercise of police power:* 1 Cranch. 137; 123 U. S. 623; 198 U. S. 45; 23 L. R. A. 264. *Act deprives appellant of equal protection of law:* 79 S. C. 9; 165 U. S. 150.

*Messrs. Rembert & Monteith* and *Thomas & Lumpkin,* contra, cite: *Statute does not deprive appellant of liberty of contract:* 9 A. & E. Ann. Cas. 234; 173 U. S. 402; 90 S. C. 249; 219 U. S. 549; 68 S. C. 339.

October 6, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Plaintiff recovered judgment against defendant in the court of the magistrate for $1.93, wages due him by defendant, at the time he was discharged from the service of defendant, and $95, the accumulated daily penalty of $5 per day for every day's delay in payment of his said wages, after demand therefor, as allowed by section 3812 of the Civil Code of 1912, which reads as follows: "When any corporation carrying on any business in this State in which laborers are employed, whose wages, under the business rule or custom of such corporation, are paid monthly or weekly on a fixed day beyond the end of the month or week in which the labor is performed, shall discharge any such laborer, the wages which have been earned by such discharged laborer shall become immediately due and payable. And if not so paid, then such laborer shall recover in addition thereto, a penalty of five dollars per day for every day after twenty-four hours until such

wages are paid, to be recovered in any Court of competent jurisdiction, in the same action with the wages, or in a separate action: *Provided,* Such demand has been made upon the paymaster or other paying officer."

From the judgment of the Circuit Court, affirming the magistrate's judgment, the defendant appealed to this Court, on the ground that the statute above quoted is unconstitutional and void, because it deprives defendant of its property without due process of law, and denies to it the equal protection of the laws and the liberty of contract.

These constitutional guarantees have been so frequently and so fully considered and discussed in this Court and in the Supreme Court of the United States that we shall content ourselves in the present case with the citation of only a few of the cases upon the authority of which the validity of the statute must be affirmed.

In the case of *St. Louis etc. Ry. Co.* v. *Paul,* 173 U. S. 402, 43 L. Ed. 746, the decision of the Supreme Court of the State of Arkansas, sustaining a similar statute against the same grounds of attack as here invoked, was affirmed. Except in unimportant details, that case cannot be distinguished from this. The Supreme Court of Arkansas rested its decision principally upon the ground that the statute as applied to corporations was a valid exercise of the right "to alter, revoke, or amend any charter of incorporation," which had been reserved by the State Constitution. The validity of section 3812, *supra,* may be affirmed upon the same ground, because both in the Constitution of 1868 (art. 12, sec. 1) and in that of 1895 (art. 9, sec. 2) the right to alter or repeal all charters of incorporation was expressly reserved, and, by section 8 of article 9, foreign corporations are not allowed to build, operate or lease any railroad in this State. So that defendant's charter must be subject to the power reserved to alter or repeal it.

There can be no doubt that such legislation may, also, be sustained under the power of the State to legislate

for the common good—commonly called the police power.
*Chicago etc. R. Co.* v. *McGuire,* 219 U. S. 549, 55 L. Ed.
328; *Johnson* v. *Spartan Mills,* 68 S. C. 339.

We determine the validity of the statute as applied to the
facts of the case presented by the record, which is that of a
corporation having discharged one of its laborers to whom
it was indebted in the sum of $1.93 for wages which he had
earned, and having refused, after demand, to pay his wages,
without any reason or excuse, except that which appears
only in the argument of its counsel, to wit, that, by custom
or contract, express or implied, his wages were not due,
until defendant's next regular pay day.

Therefore, we are not concerned in this case with possi-
ble combinations of circumstances in which the statute
might work inconvenience, or even hardship. We say,
however, that, giving the statute a reasonable construction,
the intention is not to be gathered from it that the corpora-
tion employer shall be penalized for the failure to pay what
is not a just debt; nor for the failure to pay, when the dis-
charged laborer, after demanding payment, prevents com-
pliance with the demand by his own conduct; nor to deny
or preclude the right of the corporation to interpose any
valid counterclaim or defense to the claim of such laborer,
under coercion of the penalty thereby imposed.

The purpose of the statute is to prevent the postpone-
ment, until the corporation's next regular pay day, of pay-
ment of the wages which a discharged laborer has earned
at the time of his discharge, and which he would be enti-
tled to sue for and collect immediately, but for the rule or
custom of the corporation not to pay except on its regular
pay days, and the express or implied agreement of the
laborer to abide that rule or custom. The legislature
probably considered that the hardship which befalls the needy
laborer by withholding, for a week, or two weeks, or a
month, the wages which he has earned, is far greater than
the inconvenience to the corporation which is caused by

requiring a reasonbly prompt settlement with him, so that he can use the money which he has earned in an effort to get other employment, or to live upon until he can get other employment, and thereby possibly prevent him and his family from becoming a burden upon the State. Besides this, the statute tends to prevent dissatisfaction among laborers, and, hence, also, it tends to prevent agitation and strikes among them, which is a matter of grave public interest.

Affirmed.