### 9237

### TRAMMELL v. VICTOR MANUFACTURING CO.

#### (86 S. E. 1057.)

COURTS. STATUTES. MASTER AND SERVANT. PENALTIES.

1. COURTS—PRECEDENTS—PREVIOUS DECISIONS—CONSTRUCTION OF OPINION.—In applying prior decisions upon construction of statutes, the language used by the Court, must always be read as referring only to the matter under immediate consideration.

2. MASTER AND SERVANT—RIGHT TO SALARY—FAILURE TO PAY—PENALTIES.—Under Civ. Code 1912, sec. 3812, providing a penalty for failure to pay the wages of laborers "whose wages * * * are paid monthly or weekly on a fixed date, beyond the end of the month or week in which the labor is performed," the fact that the defendant employer paid his servants every two weeks does not remove him from the application of the statute, for the failure of the legislature to expressly mention the period of two weeks will not defeat the manifest object of the statute.

3. STATUTES—REMEDIAL AND PENAL STATUTES—CONSTRUCTION.—Where a statute contains provisions which are both remedial and penal, the

remedial portion must be liberally, and the penal portion strictly, construed.

4. STATUTES—CONSTRUCTION—RULES OF CONSTRUCTION.—The rules for construction of statutes are aids only to the discovery of the intention of the legislature, and not inflexible, and none are of such paramount importance as to defeat the intention when that clearly appears.

Before DEVORE, J., Greenville, Spring term, 1915. Reversed.

Action by F. A. Trammell against Victor Manufacturing Company. From judgment for defendant, plaintiff appeals. The facts are stated in the opinion.

*Messrs. J. D. Lanford* and *McCullough, Martin & Blythe,* for appellant, cite: *As to rule of construction:* 91 S. C. 377, 379; 82 S. C. 177; 96 S. C. 1; 102 S. W. 206, and 132 S. W. 911, distinguished.

*Messrs. Haynsworth & Haynsworth,* for respondent, cite: Civil Code, sec. 3812; 66 N. W. 453; 18 Ct. Cl. 303; 5 Words & Phrases, par. 4575. *Rule of Constitution:* 3 S. C. 423; 9 S. C. 392; 25 S. C. 228; 26 S. C. 160; 33 S. C. 255; 40 S. C. 134; 13 S. C. 134; 62 S. C. 57; 99 S. C. 213.

November 18, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff brought this action, under section 3812 of the Civil Code of 1912, to recover $10.96, the balance due him for wages at the date he was discharged by defendant, and also to recover the penalty therein provided for the failure of defendant to pay the same after demand therefor. After commencement of the action, defendant paid plaintiff the

FOOTNOTE.—As to the effect and validity of statutes regulating time for payment of wages, see notes in 21 L. R. A. 797, 28 *Ib.* 344, 27 L. R. A. (N. S.) 255, 35 *Ib.* 549, 51 *Ib.* 1097, 9 A. & E. Ann. Cas. 238, 13 *Ib.* 482.

amount due him for wages, and the action was continued as one to recover the penalty.

The Court directed a verdict for defendant on the ground that, as it appeared that it was defendant's custom to pay its employees on the first and fifteenth days of the month, that is, every *two weeks,* on fixed days beyond the end of the *two weeks* in which the labor so paid for was performed, the plaintiff's case was not within the terms of the statute, which provide for the case of laborers "whose wages * * * are paid *monthly* or *weekly* on a fixed day beyond the end of the *month* or *week* in which the labor is performed," etc.

The first legislation upon the subject was enacted in 1899, 23 Stat. 82. That act was precisely like the first sentence of section 3812 of the Code of 1912, except that it applied only to laborers "whose wages * * * are paid *monthly* on a fixed day," etc. It became section 2718 of the Code of 1902, which was amended in 1911 (27 Stat. 39) so as to read as it now appears in the Code of 1912.

In *Wynne* v. *Ry.,* 96 S. C. 1, 79 S. E. 521, the constitutionality of the statute was attacked, and, in considering that question, the Court said: "The purpose of the statute is to prevent the postponement, until the corporation's next regular pay day, of payment of the wages which a discharged laborer has earned at the time of his discharge, and which he would be entitled to sue for and collect immediately, but for the rule or custom of the corporation not to pay except on its regular pay days, and the express or implied agreement of the laborer to abide that rule or custom. The legislature probably considered that the hardship which befalls the needy laborer by withholding, for a week, or two weeks, or a month, the wages which he has earned, is far greater than the inconvenience to the corporation which is caused by requiring a reasonably prompt settlement with him, so that he can use the money which he has earned in an effort to get other employment, or to live upon until he can get other employment, and thereby possibly prevent him and his

family from becoming a burden upon the State. Besides this, the statute tends to prevent dissatisfaction among laborers, and, hence, also, it tends to prevent agitation and strikes among them, which is a matter of grave public interest."

Appellant contends that the use of the words "or two weeks," in the excerpt above quoted, is conclusive of this case, because that is the exact time of postponement of payment in this case. But, not so; for the point now considered was not there involved. The language used by the Court must always be read as referring only to the matter under immediate consideration. If the words "or two weeks" had been omitted, the statement of the object of the act above quoted would have been none the less effective for the purposes of that case. But the use of those words does show that the phraseology of the statute naturally suggested to the mind of the Court the same intention in its passage which it is now found to have, when it is more critically examined, in the light of the rules of construction, to ascertain the legislative intention more precisely than was necessary for the purpose of that decision.

If the act of 1899 had not been amended, as above indicated, the inference would have been strong that the legislature did not think the postponement of payment for a shorter time than a month would work such hardship on discharged laborers as to require legislative interference. But when the legislature saw fit, by amendment of the act, to prohibit, under penalty, such postponement for a week, as well as for a month, it is inconceivable that it was intended that corporations employing laborers might lawfully discharge them and postpone payment of their wages for any intermediate period of time,—two weeks, three weeks, or four weeks,—simply because those periods of time were not mentioned in the statute *in totidem verbis*. Such a construction would defeat the manifest object of the statute.

We should not overlook the fact that the statute is remedial as well as penal.   In so far as it is remedial, it should be construed liberally to suppress the mischief it was designed to remedy.   And, while it is true that, in so far as it is penal, it should be strictly construed to prevent injustice or oppression, the rule of strict construction does not require a narrow, verbal or unreasonably technical construction, such as would defeat the clear intention of the lawmakers.   *Mills* v. *Ry.,* 82 S. C. 242, 64 S. C. 238; *Brown* v. *Ry.,* 91 S. C. 377, 74 S. E. 754.   The rules of construction are but aids to the discovery of the intention.   Few, if any, of them are inflexible, and none of such paramount importance as to override all others and defeat the intention, when that clearly appears.   If the intention were in doubt, the rule of strict construction would require the Court to lean against the imposition of the penalty.   But to hold that, because plaintiff's case does not come within a strict verbal construction of the statute, he must be denied the remedy which clearly appears to have been intended for his benefit would be to sacrifice the legislative will to the mere form and phraseology of its expression.

No reason has been suggested why the legislature would have penalized the failure to pay discharged laborers whose wages are paid weekly and monthly and not penalize the failure to pay those whose wages are paid at intermediate periods of time, while every reason which calls for the remedy in the former cases applies with equal force to the latter.   Therefore, the words "weekly and monthly" must be taken as used to denote the extremes—the shortest and the longest periods of time—and as standing in apposition to and modified by the words "on fixed days," etc., which immediately follow them, and, therefore, to include intermediate fixed days.   Any other construction would be strained and unnatural and lead to absurd consequences.

Judgment reversed.