MISSOURI PACIFIC RAILROAD COMPANY *v.* WARREN.

Opinion delivered February 4, 1924.

1. ASSIGNMENTS—STATUTE REGULATING ASSIGNMENT OF WAGES.—Crawford & Moses' Dig., § 7133, relating to the assignment of wages to secure a loan, has no application to an assignment of a portion of an employee's wages to pay for a watch.

2. ASSIGNMENTS—BINDING EFFECT.—Where an employer accepted and paid an order of his employee to pay to another a certain part of his wages, the employee was bound by the order.

3.  MASTER AND SERVANT—RIGHT TO RECOVER WAGES AND PENALTY.—In an action by a discharged employee for wages and for the penalty, under Crawford & Moses' Dig., § 7125, where the undisputed testimony showed that the money due him, less the amount of his order in favor of a creditor, which the defendant had paid, was ready for him within seven days after his discharge, and that when he called for his pay he failed to identify himself, it was error to direct a verdict for the whole amount of his wages and the statutory penalty, instead of a verdict for the balance due with interest.

Appeal from Cross Circuit Court; *W. W. Bandy,* Judge; reversed.

*Thomas B. Pryor* and *C. E. Daggett,* for appellant.

The evidence does not disclose a request by the plaintiff to have his money sent to a regular station, or that he applied at such station within seven days for payment. Hence, the verdict should have been directed for the appellant. 87 Ark. 574. The case does not fall within the rule announced in *Biggs* v. *Railway,* 91 Ark. 122. The verdict should have been directed for the defendant, because the evidence shows that the plaintiff obtained the benefit of the order given against his wages. 83 Ark. 445.

*J. C. Brookfield,* for appellee.

Appellant was liable for not paying the balance, even if the assignment was a good defense. 75 Ark. 137; 130 Ark. 266. But the assignment was no defense. C. & M. Digest, § 7133, 7134. As to the propriety of enforcing the penalty, see 86 Ark. 147.

WOOD, J. This action was instituted by the appellee against the appellant, before a justice of the peace, to recover the sum of $32.70 alleged to be due the appellee by the appellant as wages. The appellee alleged that he was in the employ of appellant as laborer, and that appellant was due him the above sum for his labor; that appellant discharged the appellee on August 16, 1922, without paying his wages as above, but agreed to pay him at Wynne Station; that appellee demanded of the agent at Wynne Station, each day for seven days, his wages, and same were not paid. Appellee prayed judg-

ment for his wages and for a penalty in the sum of $2.90 per day from the date of his discharge.

The trial before the justice resulted in a judgment against appellant, on the 15th day of September, 1922, for $32.77 as wages, and $52.77 penalty, and costs. The company appealed to the circuit court. There the appellee amended his complaint and set up the judgment in the justice court, alleged that it had not been paid, and prayed for judgment in the sum of $240.70 in addition to the judgment in the justice court, the same being the amount of the penalty, at the rate of $2.90 per day, which had accrued at that date, and for the sum of $2.90 per day until the amount of his wages and penalty for nonpayment had been paid.

According to the undisputed evidence, the appellee was in the employ of appellant as day laborer, and was discharged on August 16, 1922, at which time appellant was due him for wages the sum of $31.90, less seventy cents hospital fees. Before his discharge the appellee had purchased a watch, and had given an order on the appellant, directing it to pay to the party from whom he had purchased the watch the sum of $27 out of his wages, as same came due. The order contained a provision to the effect that, in the event the employee was discharged, the total amount of wages due at that time should be deducted from the amount of the order. The appellant accordingly deducted from the amount of wages due appellee the amount of the order, leaving a balance then due appellee of $4.20. The foreman, under whom appellee worked, issued to him at the time of his discharge the following:

> "Missouri Pacific Railroad Co.
> "Certificate of Identification.
> "Pay Time Voucher.

"At Wynne Station. Wynne Station, August 16, 1922.

"That W. Warren was employed as laborer during the 1st period month of August, 1922, and is entitled to the amount reported in his favor on time-book for (B and B).

(Extra Gang).

"No. ——— Section No. 210, Memphis Division, for that month.          (Signed) D. Sanders, foreman.

"W. Warren, workman.

"Notice: This certificate is not transferable, and will not be honored if presented by any other than the person to whom issued, who must sign the same in the presence of person issuing same and at time of issuance. Voucher payable at station indicated in upper left-hand corner of this form, unless forwarded, at the request of person in whose favor issued, to another station for delivery."

The appellee testified that, when the foreman handed him the above paper, he said: "Here is your time, boy; you will get your money at the depot." Appellee went over to the station on the third and fourth days thereafter, and did not get his money, and then went to see the timekeeper, who told him his time was not there, but that he would "get it out pretty soon." Appellee went back to the station on the eighth day, and the agent came up to the window, and he had about three one-dollar bills in his hand and some more change—appellee did not know how much—and said to appellee, "Where is your identity?" and appellee replied, "I have not got it," and the agent said, "You will have to get it," and appellee told him that he did not have it. Appellee further testified that they were to take twenty dollars out of his wages.

Upon the above testimony, appellant asked the court to instruct the jury to return a verdict in its favor, which request the court refused, but, on its own motion, instructed the jury to return the following verdict:

"We, the jury, find for the plaintiff in the sum of $32.77, actual wages due, and penalty in the sum of $182, total $234.90. F. S. Payne, foreman."

The appellant objected, and duly excepted to the instruction of the court. Judgment was rendered in

favor of appellee for the amount of the verdict, from which is this appeal.

Act 34 of the Acts of 1911, page 15, entitled "An act to regulate the assignment of wages," §§ 7133 and 7134 of C. & M. Digest, has no application to the facts of this record, for the order adduced in evidence by the appellant was not an assignment of wages to secure a loan. It was simply an order from the laborer to pay a certain amount of his wages to the one from whom he had purchased a watch. The appellant had accepted and taken up this order of the appellee, as shown from the indorsements of the payee on the back of same. Appellee admitted that he signed the order, and he is therefore bound by it. The undisputed testimony shows that the appellant's timekeeper, who had charge of the record of the time made by laborers, deducted from appellee's wages the amount of the above order and seventy cents hospital fee, and made out a check for $4.20, and delivered it to appellant's agent at Wynne within seven days, and the check for this amount of money was in the hands of the station agent at Wynne on August 21, 1921, less than seven days from the time of appellee's discharge on August 16, 1922. When the appellee was discharged he was given a certificate of identification, or pay-time voucher, naming Wynne as the station where he was to receive his pay. Appellee testified that, after three days, he went over to the station to get his money, and didn't get it, and went on the fourth day and didn't get it. He then went back to the timekeeper, then on the eighth day back to the window, and was asked where his identification card was, and replied that he did not have it. He also testified that the one making this inquiry had about three one-dollar bills in his hand, and more change—appellee didn't know how much.

The appellee was bound by his order which the company accepted and paid to the payee therein. This order was a valid contract between the appellee and the appellant, by which the appellee bound himself to pay the

latter the amount of the order out of his wages. The appellant therefore, at the time it discharged the appellee, was due him only the sum of $4.20. *Stewart* v. *Weaver,* 83 Ark. 445.

The burden was upon the appellee to prove that the appellant had not complied with the provisions of § 7125 of Crawford & Moses' Digest, and that he was therefore entitled to the penalty prescribed therein for the nonpayment of the wages due him. The proof upon the part of the appellee does not meet this burden. On the contrary, the undisputed testimony shows that the wages due the appellee at the time of his discharge were sent to appellant's station agent. But, if it be conceded that it was understood between the appellee and the foreman, at the time of his discharge, that the appellee was to receive his pay at the station of Wynne, nevertheless the undisputed testimony shows that the amount due appellee on his wages at the time of his discharge was sent to the station agent at Wynne within seven days after appellee's discharge, as above stated, and the appellee does not prove that within that time, or after, he called for his money and identified himself so as to justify the agent in paying him the amount. On the contrary, his testimony shows that, on the eighth day after his discharge, when he called at the station for his pay and was asked for his identification card, he replied that he didn't have it. The appellee does not prove that he called for his wages at Wynne within the seven days after his discharge and identified himself as the one who was entitled to it. He does not prove that he presented his identification card. See *Wisconsin-Arkansas Lumber Co.* v. *Thompson,* 87 Ark. 574. It occurs to us therefore that the court erred in instructing a verdict in favor of the appellee. The judgment will therefore be reversed, and, inasmuch as the case has been fully developed on the evidence, judgment will be entered here in favor of the appellee for the sum of $4.20, the amount due from the appellant to the appellee, with interest thereon at the rate of six per cent. from August 16, 1922.