12599

LAW v. J. F. PRETTYMAN & SONS

(146 S. E., 815)

*Mr. Legare Walker,* for appellant,

*Messrs. Wolfe & Dennis,* for respondents.

February 21, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages. The complaint alleges that on or about May 27, 1927, the plaintiff was the owner in fee of certain described real estate located in Berkeley County; that the defendant, a domestic corporation, with capacity to sue and be sued, owned and operated, or operated, a line of railroad from Summerville to or near Moncks Corner, together with cars, locomotive engines, etc.; that on or about the date mentioned, the defendant communicated fire to plaintiff's property, burning her dwelling house, timber, fences, etc., and that she suffered thereby loss and damage in the sum of $10,000.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, in the following particulars:

"1. It fails to allege that the said defendant:

"(a) Is a railroad corporation, (or)

"(b) A common carrier.

"2. It fails to allege that the alleged fire:

"(a) Was communicated by a locomotive engine of the defendant, (or)

"(b) Originated within the limits of the right of way of the said defendant, in consequence of the act of the said defendant, or any of its authorized agents or employees."

The matter was heard at the December, 1927, term of the Court of Common Pleas for Berkeley County, by his Honor, Judge Shipp, who made the following order, overruling in part the demurrer:

"Ordered, That the said demurrer, as to ground No. 1, subdivisions (a) and (b), be, and the same is, hereby overruled, and that the said demurrer, as to ground No. 2, with subdivisions (a) and (b), be, and the same is hereby sustained, with leave to the plaintiff to amend the said complaint as she may be advised, within twenty days from the date hereof, else that the said complaint be, and the same is, hereby in that event dismissed."

The defendant appeals and imputes error to the trial Judge in not sustaining the demurrer on the first-named ground; namely, that the complaint failed to allege that the defendant was a "railroad corporation" or a "common carrier." The appellant admits that the case at bar is governed by the decision in the case of *Crawford v. Mullins Lumber Co.,* 110 S. C., 318, 96 S. E., 494, and that, if the *Crawford case* is not overruled or modified, the order of Judge Shipp must stand. This Court granted defendant's request to be permitted to attack and criticize the decision in that case.

For the purpose of the appeal in the *Crawford case,* it was admitted that the Mullins Lumber Company operated a logging railroad in the neighborhood of the plaintiff's lands, and that these lands were damaged by fire originating on the right-of-way of the defendant's tramroad. The appeal pre-

sented for the Court's consideration the question whether a domestic corporation, which, incident to its private business, operates a logging railroad, comes within the purview of what is now Section 4910, Code 3 of 1922. The Court, construing this Section, held that the definition given the word "railroad" in what is now Section 4763, Code 3 of 1922, was controlling as to the meaning to be given that word wherever it occurred in the chapter, and that the defendant company was liable under the Statute, for the reason that "it was a railroad operated by steam."

The Sections of the Code of 1922 above referred to are as follows:

"(4763) . Sec. 1. *Definition of Terms—To Whom Applicable.*—In the construction of this Chapter, except where such meaning would be repugnant to the context or contrary to the manifest intention of the Legislature, the phrase 'railroads and railways' shall be construed to include all railroads and railways operated by steam, except marine railways doing business as common carriers in this State, and whether operated by the corporations owning them or by other corporations or otherwise; 'railroad' shall be construed to mean a railroad or railway operated by steam power. The terms 'railroad corporation' or 'railroad company' contained in the law of this State shall be deemed and taken to mean all corporations, companies or individuals now owning or operating, or which may hereafter own or operate, any railroad, in whole or in part in this State, and the provisions of this law shall apply to all persons, firms and companies, and to all associations as common carriers upon any of the lines of railroads in this State (street railways and express companies excepted), the same as to railroad corporations hereinafter mentioned."

"(4910) Sec. 13. *Responsible for Damages by Fire.*—Every railroad corporation shall be responsible in damages to any person or corporation whose buildings or other property may be injured by fire communicated by its locomotive

engines, or originating within the limits of the right-of-way of said road in consequence of the act of any of its authorized agents or employees, except in any case where property shall have been placed on the right-of-way of such corporation unlawfully or without its consent, and shall have an insurable interest in the property upon its route for which it may be so held responsible, and may procure insurance thereon in its own behalf."

We have been unable to find, after most careful study of the question presented, any good reason for overruling or modifying the decision in the *Crawford* *case*. Whatever criticism may be made of the Court's alleged failure to fully consider the law in its opinion in that case, we think that the conclusion there reached expresses the manifest intention of the Legislature in its enactment of the law. There appears to be some inconsistency in the definitions given the terms "railroads and railways," "railroad," and "railroad corporation," in Section 4763, which leads to confusion as to whom an action may be brought against under Section 4910. Under these conditions the Court, in construing the Statute, will look to "the mischief sought to be avoided and the remedy intended to be afforded" by its enactment.

As suggested by the appellant, the owner of property injured by fire due to the negligence of another—whether an individual or a corporation—has, under the common law and independently of Statute, a right of action for the injuries sustained. But the operation of steam railroads is notoriously, even if necessarily, a fruitful source of fire; and manifestly the owner of property injured by fire arising from locomotive engines or otherwise in the operation of a railroad would, from the nature of the case, find it extremely difficult, if not impossible, to adduce testimony showing that the fire resulted from the negligence of the owner or operator of the railroad, if such was the case. Or injury might result to a property owner, without fault

on his part, from fire due to the inherently dangerous nature of the instrumentalities employed by a railroad, but without negligence on the railroad's part, thus subjecting the property owner to an unusual danger for which he was in no way responsible. This situation, resulting in hardship to the innocent owner of property subjected to the danger of such fires, was recognized by the Legislature, which attempted, through the enactment of Section 4910, to provide a remedy for it. And the Statute, being remedial in character, should be liberally construed in order to accomplish the object sought.

We cannot see any difference in the respective fire dangers of two railroads using practically the same equipment, merely because one is a common carrier, and the other is not. In fact, because of the nature of the country through which logging railroads usually extend, we think that they give rise to even greater danger from fire than do railroads which are common carriers; for, as a rule, such common carriers usually extend in large part through open country, and their owners or operators pay much attention to keeping their rights-of-way in proper shape, and adopt various precautions to prevent communication of fire from their locomotive engines. It is hardly reasonable to suppose that the Legislature intended that the law should apply to the one that is less liable to communicate fire and exclude the other which is the source of the greater danger. It seems clear to us that the Legislature intended the Statute to apply to all railroads operated by steam power, whether common carriers or not.

The order appealed from is affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES BLEASE and CARTER concur.

MR. JUSTICE COTHRAN (dissenting): The general rule is that one person is not liable in damages to another person for an injury done to the property of the latter unless such injury has resulted from the negligence of the party sued.

The "fire statute," as it has been called, changes this rule, and holds the offending party liable in damages regardless of the question of negligence.

It is a Statute of exceptional liability, and the rule universally accepted is that one who claims the benefit of such a Statute must bring his case within its terms.

Section 4910, the "fire statute," specifically refers to "railroad corporations." It says *"Every railroad corporation shall be responsible in damages,"* etc.

If nothing else appeared to change the *prima facie* construction of these words, I do not see how it would be possible to hold that a lumber company was a railroad corporation, although it may have operated a line of railroad, a tramway, operated by steam as an adjunct to its main business of lumbering, any more than a cotton mill which operated a spur track from its mill to a railroad could be deemed a railroad corporation, or a mining company with a similar convenience.

If the lumber company can be considered a railroad corporation, it must be by something written down in Section 4763, defining the terms of the chapter on railroads.

That section defines a railroad as one operated by steam and doing the business of a common carrier. Transplanting that definition into Section 4910, we have this: Every corporation operated by steam and doing business as a common carrier shall be responsible, etc. That certainly would not include a lumber company, a cotton mill, a quarry, or a mine, unless as in the *Hamilton case,* 120 S. C., 165, 112 S. E., 536, it also did business as a common carrier. The remainder of the section affords no additional light, as it clearly refers to corporations owning or operating a railroad (*as defined*) as a common carrier.

I imagine that a great many corporations which find it convenient to construct spur tracks, cotton mills, power companies, lumber companies, quarries, mines, and others, who experience great embarrassment in locating their lines

over the property of others, would be glad to be classed with railroad corporations and enjoy the exercise of the State's right of eminent domain in the acquisition of rights-of-way —a right which heretofore has been dealt out to them by special act of the General Assembly. If they are railroad corporations for the sake of subjecting them to a special and exceptional liability, they should be so regarded in matters affecting their interest or convenience.