### 13349

INABINET v. ROYAL EXCHANGE ASSURANCE OF LONDON *ET AL.*

(162 S. E., 599)

*Messrs. J. T. Seibels, J. H. Fowles* and *M. E. Zeigler,* for appellants,

*Messrs. Lide & Felder* and *C. E. Summers,* for respondent,

February 10, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action on a fire insurance policy. The complaint alleged that on March 14, 1930, the defendant Royal Exchange Assurance of London insured plaintiff's residence against loss or damage by fire in the sum of $2,500.00, the premium being duly paid and the policy delivered; that at the time the policy was issued the defendant was advised that J. B. Robinson held a mortgage over the tract of land upon which the insured building was located; that the building was totally destroyed by fire during the life of the policy, and that the defendant, though duly notified thereof, refused to pay the insurance and denied liability therefor. Judgment is sought for the sum of $2,500.00 and interest.

As one of its defenses, the defendant set up the following provision of the policy: "This entire policy shall be void, unless otherwise provided by agreement in writing added hereto if with the knowledge of the insured, foreclosure proceedings be commenced or notice given of the sale of any property insured hereunder by reason of any mortgage or trust deed"; and alleged that, with the knowledge of the

plaintiff and without the agreement of the defendant, and before the building was burned, foreclosure proceedings of the J. B. Robinson mortgage were commenced and notice of sale was given.

Plaintiff demurred to this defense on the ground that, under Section 4096 of the Civil Code of 1922, it does not constitute a defense to the cause of action set up in the complaint nor a bar to recovery. The demurrer was sustained by Hon. M. M. Mann, Circuit Judge, and defendant appeals.

Besides the provision already quoted, the policy contains the following clause: "Any loss that may be ascertained and proven to be due the assured under the building items of this policy shall be held payable to J. B. Robinson as interest may appear, subject, nevertheless, to all the terms and conditions of this policy."

Section 4096 provides: "That hereafter any clause in any policy of insurance purporting or undertaking to limit or invalidate the force of such policy in case of encumbrance by real estate mortgage of the property insured by such policy, shall be, and the same is hereby, declared to be null and void."

After pointing out that the "standard" mortgagee clause was not used in the policy, but only the "simple loss payable" clause, appellant cites the case of *Norris v. Insurance Company,* 55 S. C., 450, 33 S. E., 556, 74 Am. St. Rep., 765, construing practically the same provision contained in the policy here, as supporting its position, and earnestly maintains that the subsequently enacted Section 4096 does not nullify the policy provision against foreclosure proceedings, but only any provision against an undisclosed real estate mortgage.

In the absence of statute the decision in the *Norris case* would control here and would be fatal to plaintiff's recovery, but the question is whether the statute had the effect of changing the law as laid down by the decision in that case. In answering this question, we must bear

in mind that: (1) In this State forfeitures of insurance contracts are not favored by the Courts. *Scott v. Insurance Company,* 102 S. C., 115, 86 S. E., 484; *Ward v. Fire Insurance Company,* 115 S. C., 53, 104 S. E., 316; *Wheeler v. Insurance Company,* 125 S. C., 320, 118 S. E., 609; *Trakas v. Insurance Company,* 141 S. C., 64, 139 S. E., 176, 53 A. L. R., 1119. (2) Every contract entered into in this State embodies in its terms all applicable laws of the State just as completely as if the contract expressly so stipulated. *Adler v. Cloud,* 42 S. C., 272, 20 S. E., 393; *Owen v. Insurance Company,* 84 S. C., 253, 66 S. E., 290, 137 Am. St. Rep., 845; *Camden Wholesale Grocery v. Insurance Company,* 106 S. C., 467, 91 S. E., 732, 733; *Rogers v. Insurance Company,* 135 S. C., 89, 133 S. E., 215, 45 A. L. R., 1172; *Massachusetts Bonding & Insurance Company v. Law,* 149 S. C., 402, 147 S. E., 444; *Fischer v. Chisholm,* 159 S. C., 395, 157 S. E., 139. (3) A statute remedial in nature should be liberally construed in order to accomplish the object sought. *Drayton v. Grimke,* Bailey, Eq., 392; *Newson v. Manufacturing Company,* 102 S. C., 77, 86 S. E., 195; *Trammell v. Manufacturing Company,* 102 S. C., 483, 86 S. E., 1057; *Law v. J. F. Prettyman & Sons,* 149 S. C., 178, 146 S. E., 815.

We think that the statute in question, construed in the light of these principles, covers the case before us. The expression "in case of encumbrance by real estate mortgage of the property insured by such policy" seems to us to mean "where there is a real estate mortgage of the property insured by such policy," rather than "by reason of the existence of an undisclosed real estate mortgage of the property insured by such policy," thus defining the scope of the policy provision declared void rather than stating the reason for the limitation or invalidation of the policy by the clause at which the statute is aimed. And, clearly, under such definition, a clause in a policy which would deprive the insured and the mortgagee of the protec-

tion of the policy when foreclosure of the mortgage is sought would limit or restrict the force of the policy· in a case "where there is a real estate mortgage," etc., and hence would be void under the statute.

The order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM and MR. G. B. GREENE, Circuit Judge, concur.