**Aurelia McLAURIN, Plaintiff-Appellant,**

v.

**FRISELLA MOVING AND STORAGE COMPANY, Inc., Defendant-Respondent.**

No. 30920.

St. Louis Court of Appeals.

Missouri.

March 20, 1962.

Motion for Rehearing or to Transfer to Supreme Court Denied April 12, 1962.

Edward J. Delworth, Clayton, for plaintiff-appellant.

Correnti & Godfrey, Michael F. Godfrey, St. Louis, for defendant-respondent.

DOERNER, Commissioner.

This is an action by a discharged employee against a corporation to recover unpaid wages and a penalty for nonpayment of the same. The action is predicated upon Section 290.110 RSMo 1959, V.A.M.S. which reads:

"Whenever any corporation doing business in this state shall discharge, with or without cause, or refuse to further employ any servant or employee thereof, the unpaid wages of any such servant or employee then earned at the contract rate, without abatement or deduction, shall be and become due and payable on the day of such discharge or refusal to longer employ; and such servant or employee may request in writing of his foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to any station or office where a regular agent is kept; and if the money aforesaid, or a valid check therefor, does not reach such station or office within seven days from the date it is so requested, then as a penalty for such nonpayment the wages of such servant or employee shall continue from the date of the discharge or refusal to further employ, at the same rate until paid; provided, such wages shall not continue more than sixty days, unless an action therefor shall be commenced within that time."

The verdict and judgment below was for plaintiff for unpaid wages of $59.45 and of $2,750 for penalties, but being dissatisfied with the latter amount, plaintiff prosecutes this appeal.

The evidence showed that on February 23, 1959, plaintiff was employed by the defendant as a secretary, and worked as such until May 1, 1959, when she was discharged. Plaintiff testified that although she was employed on the basis of a salary of $275 per month, she was paid each week by a check for $59.45, representing her net compensation after deduction of $4.01 for Federal income tax, Old Age and Survivor's Insurance, and the St. Louis City earnings tax. Plaintiff's evidence further showed that she was not paid her wages for the last week she worked; that the written demand for the same prescribed by the statute had been made on defendant; that such wages thereafter remained unpaid; and that this action

was instituted within sixty days from the date of her discharge. Defendant admitted or did not contest these elements essential to an action of this nature. Its defense was that at the time of her discharge plaintiff was indebted to defendant for the sum of $132. Defendant's evidence was that this indebtedness arose because it had paid an employment agency a fee owed by plaintiff, on the strength of plaintiff's promise to repay defendant. Plaintiff denied this, and testified that at the time she was employed defendant had agreed to assume and pay the fee.

At the close of plaintiff's case, and again at the close of the whole case, plaintiff moved for a directed verdict, both of which motions were overruled. Plaintiff submitted her case to the jury on a verdict directing instruction about which no point is raised on appeal. Plaintiff also offered instruction A, by which the jury was told that if it found in favor of plaintiff it must award her $59.45 for wages due, and the sum of $5,415.38 as a penalty for failure to pay plaintiff's wages when demanded. The court refused plaintiff's instruction A and substituted and gave instruction No. 5, which informed the jury that if it found in favor of plaintiff it might award her wages not to exceed $59.45, " * * * and a further sum as a penalty not to exceed $59.45 for each week from May 1, 1959 to date." On its part defendant offered and the court gave instruction No. 4, by which the jury was instructed to find for defendant if it found that defendant was not indebted to plaintiff for unpaid wages because plaintiff owed defendant for the employment fee.

As stated, the jury found the issues in favor of plaintiff, and returned a verdict allowing her $59.45 for unpaid wages and $2,750 for penalties. Because of the time intervening between plaintiff's discharge and the verdict it is obvious and undisputed that in calculating the total amount of the penalties the jury used a rate substantially less than that of $59.45 per week. The jury undoubtedly inferred that it was within its province to use the lesser rate because of

the court's direction in instruction No. 5 that it could award plaintiff penalties at a rate "not to exceed" $59.45 per week. In its after-trial motions plaintiff complained that the court had erred in refusing to give instruction A, and that the jury had miscalculated the amount of the penalties, and asked the court to amend the judgment by entering the correct amount; or in the alternative, to grant plaintiff a new trial as to the issue of damages only. Defendant filed a motion to set aside the verdict and judgment and to enter judgment in its favor in accordance with its motion for a directed verdict (although it had not filed one at the close of the case), or in the alternative, for a new trial. The court overruled all motions, and plaintiff appealed.

■ Among other points raised by plaintiff on appeal is the contention that the court erred in overruling her motion for a directed verdict at the close of the whole case. Plaintiff points to defendant's evidence that at the time defendant agreed to advance the money for the payment of the fee of the employment agency it was agreed that defendant might retain $5 out of plaintiff's wages each week to reimburse defendant. From this it is argued that defendant's own evidence showed that defendant was not entitled to retain the entire week's wages of $59.45 which was due plaintiff when she was discharged. There is no merit to this contention. Under defendant's evidence the plaintiff was indebted to the defendant for the full amount of the fee. The agreement as to the time and rate of payment pre-supposed that plaintiff would remain in defendant's employ a sufficient length of time to repay defendant at the rate of $5 per week, but when plaintiff was discharged defendant had the right to apply the wages due against plaintiff's indebtedness. Olsen v. Bernie's Inc., Mo., 296 S.W.2d 3. Gawthrop v. Missouri Pac. Ry. Co., 147 Kan. 756, 78 P.2d 854; Stewart & Alexander Lumber Co. v. Weaver, 83 Ark. 445, 104 S.W. 152; Yancey v. Dickson Ice Cream Co., La.App., 190 So. 837. To deny the employer the right of set-off of a valid debt owed by the employee might well render the statute unconstitutional. Quinn v. T. M. Sayman Products Co., Mo.App., 296 S.W. 198.

Plaintiff also contends that by Section 290.110 the penalties to be assessed against the employer-corporation for nonpayment of the wages due the discharged employee are fixed and determined at the regular wage rate; that if the jury finds the issue of nonpayment in favor of plaintiff it is mandatory upon the jury to allow the discharged employee penalties at that rate; that in the instant case the total amount of such penalties to be allowed, if the jury found in favor of plaintiff, computed at the rate of $275 per month, was correctly set forth in plaintiff's instruction A (except for a miscalculation favorable to defendant); and that the court erred in refusing to give plaintiff's instruction A and in substituting instruction No. 5 in lieu thereof. Defendant argues that the statute is penal in nature and must be strictly construed, citing Durant v. Industrial Products Mfg. Co., Mo.App., 235 S.W.2d 574 and Quinn v. T. M. Sayman Products Co., supra. Those cases so hold, because of the penalty portion of the statute. It is interesting to note, however, that from an historical standpoint measures such as Section 290.110, adopted in 1913 (Laws 1913, p. 175), as well as another statute passed in 1911, now Section 290.080, which requires corporations to pay the wages of their employees at least semi-monthly were earlier forms of what is sometimes termed social or labor legislation. As pointed out in State v. Missouri Pac. Ry. Co., 242 Mo. 339, 147 S.W. 118, at that stage of our economic history a majority of those gainfully employed had become wage earners, highly dependent upon their wages for their sustenance and that of their families. It was recognized that to deprive them of their wages for an unreasonable length of time would not only impoverish them and their families, but would tend to make them the objects of public charity, and therefore be injurious to the community as a whole. Thus it was

**364**

to insure the payment of wages at reasonable intervals, as well as the prompt payment of wages upon a discharge, that legislation of the character of Sections 290.080 and 290.110 was adopted. State v. Missouri Pac. Ry. Co., supra; Olson v. Idora Hill Mining Co., 28 Idaho 504, 155 P. 291. Statutes of other states similar to Section 290.110 have been upheld as valid and constitutional. St. Louis, I. M. & S. Ry. Co. v. Paul, 173 U.S. 404, 19 S.Ct. 419, 43 L.Ed. 746, affirming 64 Ark. 83, 40 S.W. 705, 37 L.R.A. 504; Moore v. Indian Spring Channel Gold Mining Co., 37 Cal.App. 370, 174 P. 378; Olson v. Idora Hill Mining Co., supra; Livingston v. Susquehanna Oil Co., 113 Kan. 702, 216 P. 296; Wynne v. Seaboard Air Line Railway, 96 S.C. 1, 79 S.E. 521.

■ Assuming, however, that as an abstract proposition Section 290.110 must be strictly construed, the weakness in defendant's position is that it does not point to any part which it contends is ambiguous and requires judicial construction. Nor does it designate any portion which it claims supports its argument that the jury may assess penalties at less than the regular rate of wages of the discharged employee. The statute is clear and unambiguous. That part of it dealing with penalties plainly provides that for nonpayment of the employees wages "* * * then as a penalty for such nonpayment the wages of such servant or employee shall continue from the date of the discharge or refusal to further employ, at the same rate until paid * * *." This can only mean the wage rate as fixed by the terms of the contract of employment. Quinn v. T. M. Sayman Products Co., supra. It is a familiar rule that where the language of a statute is plain and admits of but one meaning there is no room for judicial construction. Rathjen v. Reorganized School Dist. R–11 of Shelby County, 365 Mo. 518, 284 S.W.2d 516; Cummins v. Kansas City Public Service Co., 334 Mo. 672, 66 S.W.2d 920. And under the guise of judicial interpretation we have no right to change the meaning of a plain and unambiguous statute. Steggall v. Morris, 363 Mo. 1224, 258 S.W.2d 577.

■ Where no claim is made that a statute violates some constitutional limitation, as in the instant case, our duty is to apply an unambiguous law as written, and to leave to the legislative branch of our state government the matter of determining questions of legislative policy. Brinkmann v. Common School District No. 27 of Gasconade County, Mo.App., 238 S.W.2d 1. The propriety of a statute such as Section 290.110 is a matter for the legislature, not the courts. Davis v. Morris, 37 Cal.App.2d 269, 99 P.2d 345; St. Louis, I. M. & S. Ry. Co. v. Paul, supra. And as is said in 23 Amer.Jur., Forfeitures and Penalties, Sec. 45, p. 636: "Provided that constitutional limitations are not exceeded, the amount of a penalty is within the discretion of the legislature. Courts will not interfere with the legislative discretion in the premises as long as the legislature keeps within the fair and reasonable scope of its power."

■ It follows from what we have said that under the circumstances of this case the court erred in refusing to give plaintiff's instruction A, which instructed the jury to allow the penalties in a stated amount, and erred in giving instruction No. 5 of its own motion. Home Trust Co. v. Josephson, 339 Mo. 170, 95 S.W.2d 1148, 105 A.L.R. 1063; Brandt v. Beebe, Mo. App., 332 S.W.2d 463. The question is then presented as to what our judgment should be. The only issue of fact in the case was whether plaintiff was indebted to defendant for the fee paid to the employment agency. That issue was resolved by the jury in favor of plaintiff, and no error appears as to its decision. Defendant admitted that it had not paid plaintiff the wages of $59.45 which were due her at the time she was discharged, and conceded that by the terms of the contract of employment plaintiff's compensation was to be at the rate of $275 per month. To remand the case for a new trial as to the issue of damages would be a futile gesture. The amount of the penalties to which plaintiff is en-

titled is a mere matter of calculation, which this court can make. Home Trust Co. v. Josephson, supra. In such a situation we may, after reversing the judgment nisi in whole or in part, either enter a new judgment here, or remand the cause with directions to enter such judgment. Civil Rule 83.13(c), V.A.M.R. Compare Steuernagel v. St. Louis Public Service Co., 361 Mo. 1066, 238 S.W.2d 426; Central States Life Ins. Co. v. Bloom, 345 Mo. 982, 137 S.W.2d 517.

Accordingly, the judgment should be reversed and the cause be remanded with directions to enter a judgment in favor of plaintiff and against defendant for unpaid wages of $59.45 and penalties of $5,690.38, aggregating the sum of $5,749.83, together with costs. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court. Accordingly, judgment is reversed and cause remanded with directions.

RUDDY, Acting P. J., WOLFE, J., and SAM C. BLAIR, Special Judge, concur.