## Lee County vs. Abrahams.

1. **WRITS, ETC.** *Tax on, not unconstitutional.*
  The tax of fifty cents imposed by statute upon each original writ and execution issued out of any court, and on each certificate of record of recorded instruments, is strictly a fee to the public, and not a tax within the clause of the constitution requiring all property to be valued *ad valorem*, and may be imposed without express authority of the constitution if not prohibited by it.

APPEAL from *Lee* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Monroe Anderson, and Tappan & Hornor,* for appellant.

ENGLISH, C. J.   Abrahams was ruled to a settlement in the county court of Lee county, for money received by him as clerk of the circuit court and recorder of the county for tax on writs and instruments recorded. There was a judgment against him in the county court, for the amount found to be due from him to the county, and for penalty thereon for his delinquency; and he appealed to the

circuit court, where a demurrer was sustained for want of jurisdiction in the county court; and the county appealed to this court, and the judgment was reversed and the cause remanded for further proceedings. *See Lee county v. Abrahams, 31 Ark., 571.*

On the remanding of the cause to the circuit court, Abrahams again demurred to the claim of the county against him, on the following grounds:

"1. That each and every item exhibited against him is for tax upon original writs, instruments for record, etc.

"2. That article X., section 2, of the constitution of the state, defines a uniform rate of taxation and forbids the levying of any tax except *ad valorem* at true value in money.

"3. That the act of the general assembly under which said taxes were authorized are in conflict with the constitution, and therefore null and void.

"4. That the county of Lee has no right or cause of action herein, or any right to levy or collect said tax."

The demurrer was sustained and the matter dismissed, and the county appealed to this court.

The statute imposes, and requires to be collected for county purposes, a tax of fifty cents on each original writ and execution issued out of any of the courts of the state, and fifty cents on each certificate of record of each instrument recorded in the recorder's office. *Miller's Dig., sec. 7.*

The statute was passed March 5, 1838, and is part of the *Revised Statutes, sec. 1, chap. 38.*

The tax on writs is collected by the clerk of the parties suing them out, and is part of the costs of the suits.

The tax for recording instruments is collected by the recorder, of persons procuring them to be recorded.

The county is at the expense of furnishing the clerk's office and supplying the recorder with registration books, etc., and the tax on writs and certificates of recording is intended to reimburse the county for such expenditures.

Mr. COOLEY says taxes on legal processes " are usually imposed with a view to adjusting, on an equitable basis, as between suitors and the public, the expenses of the administration of justice. They may be imposed as stamp fees on process, fees for permission to enter suit," etc. Cooley on Con. Lim., 23.

Such fees to the public are provided for in the constitutions of some of the states. [Ib., in note.] They were not by the constitution of 1868, which was in force when appellee was clerk and recorder. But they may be imposed without an express provision of the constitution authorizing it, if not prohibited. Harrison, Pepper & Co. v. Willis et al., 7 Heiskell (Tenn.), 35.

They are strictly fees to the public, and not taxes within the meaning of the clause of the constitution, requiring all property, etc., to be taxed ad valorem.

They have been long imposed in this state, under all of the constitutions, and we are not aware that the constitutionality of the statute imposing them has heretofore been seriously questioned.

The judgment must be reversed, and the cause remanded for further proceedings.