BURNETT *v.* STEPHENSON.

4-4584

Opinion delivered December 21, 1936.

*J. W. Burnett* and *George F. Hartje,* for appellant.
*M. F. Elms,* for appellee.

JOHNSON, C. J. Appellant, J. W. Burnett, is the county judge and appellee, Fred Stephenson, is the circuit clerk of Arkansas county. This appeal comes from a judgment of the Arkansas circuit court reversing an order of the county court of said county denying to appellee participation, for deficient salary, in and to certain fees or taxes which accrued to Arkansas county by the mandate of § 4574 and § 9831 of Crawford & Moses' Digest.

In the circuit court, the parties stipulated the facts as follows:

(1)

"That the appellant, Fred Stephenson, is the duly elected, qualified and acting Circuit Clerk and Ex-officio

Recorder of Arkansas county, Arkansas, and that he has served as such since the first day of January, 1935.

"That J. W. Burnett is the duly elected, qualified and acting county judge of Arkansas county, Arkansas, and has been since the first day of January, 1935.

(2)

"There is hereto attached as exhibit 'A' a true and perfect copy of initiated act No. 1, of Arkansas county, Arkansas, and which is known as the Salary Act of Arkansas county, Arkansas, and which went into force and effect on the first day of January, 1935, it being agreed and understood by the parties hereto that the same shall be taken and considered in evidence and as a part of this stipulation of facts the same as if copied into the stipulation.

(3)

"That the circuit clerk of Arkansas county employs two regular deputies at a salary of $1,500 each per annum and that from time to time it is necessary for him to have some additional help.

"That for the year 1935, the circuit clerk and ex-officio recorder of Arkansas county, Arkansas, was entitled under the said Initiated Act No. 1 or Arkansas county Salary Act the following allowances for salaries and deputy hire, to-wit:

"Salary, Clerk and Recorder ............................ $3,000.00 ;
"Salary, Deputy, Southern District ................. 1,500.00 ;
"Salary, Deputy, Northern District ................. 1,500.00 ;
"Extra Deputy hire ............................................. 138.50 ;

$6,138.50

"It is furthermore agreed that the collections and emoluments of said office of the circuit clerk and recorder of Arkansas county, for the year 1935, were as follows, to-wit:

"Fees, costs, commissions, etc. ......................... $5,464.20 ;
"County Privilege tax) Seal tax ..................... 578.30 ;
"items, 9831, C. & M. Digest) Jury tax .......... 36.00 ;

$6,078.50.

"That with the County Privilege Tax items above enumerated included with other collections of said office for 1935, the clerk and recorder will be $40 short over the amount allowed him by the initiated act No. 1 or Salary Act; that by reason of the disallowance of the above enumerated county privilege tax items by the county judge of $614.30, to the circuit clerk and recorder, the said circuit clerk will lack $644.30, being paid the amount of his salary and deputy hire for the year 1935.

(4)

"That the county judge or county court of Arkansas county, on February 29, 1936, made and entered an order disallowing the above enumerated county privilege tax items of $614.30, to the said circuit clerk and recorder and directed that he pay the same over to the county treasurer of Arkansas county, Arkansas, to be applied and used for other things than payment of salaries of the office of the said circuit clerk and recorder and that from said order this appeal is taken."

The pertinent provisions of initiated act No. 1 of Arkansas county identified in the stipulation of fact are as follows: "Section 3. The clerk of the circuit court shall receive as compensation and salary the sum of three thousand dollars ($3,000) per year for performing all the duties of said office, either as clerk of the circuit court, ex-officio clerk of the chancery court, ex-officio recorder and commissioner in chancery, as well as all other acts and duties, and shall receive no other further compensation, perquisites, emoluments or fees, either directly or indirectly, for services rendered by reason of or as the result of holding the office.

"Said clerk may employ two deputies at a salary of no more than fifteen hundred dollars ($1,500) each per year, as herein provided.

"If the work increases, the clerk may, with approval of the circuit judge and levying court, employ an extra deputy at a salary of fifteen dollars per week for no more than twelve weeks per year. * * * Section 9. All salaries provided for in this act, unless otherwise provided, are annual salaries and shall be paid in monthly installments by county warrants, issued to and in the

name of the officer or deputy entitled to same, and based upon a verified claim filed with the county clerk, but not until such salary shall have been earned. If the fees and compensation earned during any two-year term by any officer who, by law, is required to charge and collect fees and compensation for services rendered, shall be insufficient to pay in full the compensation and salary provided by this act, then and in that event the salary of such officer and deputy shall be reduced ratably and alike in proportion to the earned revenues of said office. * * * Section 10. All county officers whose salaries are fixed by this act, except those receiving no fees, shall charge and collect for the use and benefit of the county, the same fees, costs, commissions, and perquisites and compensation as are now or hereafter required or permitted by law to be charged by such officer for such services. All sums so earned shall be public funds, the property of the county, and the collecting officer shall receive same as trustees for the county. The said fees and other compensation shall be collected in each instance in advance of the rendition of the said services, and each officer shall be charged in his settlement with all sums so earned by or accruing to the officer whether collected or not; provided, however, that when bond for costs is tendered and accepted or sufficient cash bond is made in lieu of bond for costs, in any contested matter or action, in any of the courts, the clerk and sheriff may carry the accruing costs as uncollected fees until the matter or action is concluded, but, in no event longer than sixty days after the final conclusion of said matter or action.''

Sections 4574 and 9831 of Crawford & Moses' Digest which make the levies sought to be subjected to the payment of the deficiencies of salary provide:

''Section 4574. No action shall be entered upon the docket of any court nor any original mesne or final process issued therein, except in criminal cases and cases where the State is plaintiff, until the fees for entering the case upon the docket and for issuing such writ, and the taxes thereon, if any, be paid, or bond and security, to the approval of the clerk, given therefor; and no clerk shall be liable to an action for refusing to docket a

cause or issue any writ unless the fee and tax thereon be first tendered or secured as herein provided. * * * Section 9831. In addition to the revenue arising from ferry licenses, which is appropriated for county purposes, there shall be levied and collected a county tax on the following articles:

"A tax of three dollars on each criminal conviction in courts of record.

"A tax of three dollars on each civil suit in courts of record, where a verdict is rendered by a jury.

"A tax of fifty cents upon each writ of summons and writ of execution issued out of any of the courts of record in this State; and

"A tax of fifty cents upon the certificate of record of each instrument of writing recorded in any recorder's office in this State; provided, mortgages shall not be taxed more than fifteen cents. And a tax of fifty cents on each marriage license issued. Courts of justices of the peace are not courts of record within the meaning of this section."

Section 4574 of Crawford & Moses' Digest is a part of the Act of February 25, 1875, and § 9831 is a part of the Act of April 8, 1889, as amended by the Act of February 16, 1915. It is thus seen that the enactments which levy the fund or taxes in this controversy have been in full force and effect in all counties of this State for almost the last half century.

It appears from the stipulation of fact that Arkansas county's initiated act No. 1 became effective on January 1, 1935, long subsequent to the enactments last referred to.

Without a detailed discussion of the various sections of initiated act No. 1 for Arkansas county, we think it clearly appears from the sections heretofore quoted that it was the intent and purpose of the voters of the said county to impound, for the purpose of paying salaries of county officials, only such funds as had theretofore been collected by the respective county officials and retained by them under existing law as compensation, salaries and emoluments of their respective offices.

The levies made by §§ 4574 and 9831 of Crawford & Moses' Digest, *supra,* or the funds accruing by reason thereof have ever been considered public funds as distinguished from fees and emoluments of public officials. See *Lee County* v. *Abraham,* 34 Ark. 166, and we find nothing in initiated act No. 1 which authorizes a conversion thereof to private purposes.

The county court order denying to appellee participation in the funds arising under §§ 4574 and 9831 of Crawford & Moses' Digest for deficiency salary purposes was a correct interpretation of existing law and the circuit court erred in deciding otherwise.

For the reasons stated the cause must be reversed and remanded, with directions to the circuit court to enter or cause to be entered appropriate orders carrying out the mandate of this opinion.